THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARL MERCHANT, Defendant-Appellant.

(No. 71-13;

Fifth District—April 12, 1972.

938

Paul Bradley, of Defender Project, of Mt. Vernon, for appellant.

Roland W. Griffith, State's Attorney, of Edwardsville, for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

The defendant was indicted on a charge of burglary. He appeared for a jury trial, accompanied by his counsel. In the course of selection of the jury, negotiations were entered into between the State's Attorney and the defendant and his attorney, resulting in an agreement that if the defendant would withdraw his prior pleas of not guilty to forgery and burglary and plead guilty, the State would *nolle pros* a charge of theft and the State's Attorney would recommend that the defendant be granted probation for a period of two years, conditioned upon his serving one year at the Vandalia State Farm, excluding from the year such period as the defendant had been in the Madison County Jail.

The defendant was then admonished as to the charges which had been made against him and he moved, through his counsel, to withdraw the plea of not guilty. He conferred with his counsel on two occasions during admonishment and the court advised him that after a plea of guilty "there would be no trial" and that "you have a right to waive a trial by jury, but that when you do, you waive the right to be confronted by witnesses that would testify against you if a trial were held" and further "if you had a trial, you would have the right to be represented by an attorney at all times at every stage of the proceedings" and numerous other admonitions. The following colloquy also took place between the defendant, the court and Mr. Byron, Assistant State's Attorney:

"The Defendant: I was under the impression if I don't take this I will get more time if I go to Court.

The Court: In other words, if you stood trial?

The Defendant: Yes, sir.

The Court: And were found guilty?

The Defendant: I would be sentenced to more time than what I would get if I pleaded guilty.

The Court: I have to be fair and there would be a strong likelihood of that, because the State is willing to negotiate for the reason that if they are relieved of the responsibility of conducting the trial and obtain a plea of guilty in return, they can agree to some considerations, isn't that right?

Mr. Byron: Yes. On the other hand, I want to make this clear, I believe this is the case, that the Court is not bound by the recommendations of the State.

The Court: That's right.

Mr. Byron: Further, this defendant may get more favorable consideration  *  *  *.

The Court: Or less.

Mr. Byron: Or less consideration than was being recommended, not only in a trial, but as a result of this hearing here.

The Court: I think that's a fair statement. Do you understand, Carl Merchant?

The Defendant: They are offering me something. You don't have to go either way. Either more or less. It would be up to the Court's discretion."

The plea of guilty was then accepted and the defendant was sentenced in conformity with the recommendations of the People.

The defendant appeals, alleging that he did not knowingly and intelligently waive his right of jury trial and voluntarily enter a plea of guilty.

■■ In view of the fact that the defendant was receiving a jury trial, which was interrupted to permit the foregoing occurrences to take place, the defendant was aware that he had a right to a jury trial which he was exercising, which right he could waive.

■■ Further considering the entirety of the admonition of the court, we do not believe that the defendant was coerced by a threat of the court that he would receive a larger sentence if he went to trial than if he pleaded guilty. The purport of the statements of the court, in the context in which they occur, was that since the defendant might be prosecuted for all three offenses and if found guilty he might receive a sentence which was more or less than that which the State's Attorney was willing to recommend as a result of the plea bargain. We do not understand that it is incumbent upon the court to advise the defendant,

in substance, that he would receive the same sentence regardless of whether the plea bargain was accepted. Inasmuch as it is regular procedure for the State to make a recommendation to the court as to possible punishments to be imposed, it follows that such a recommendation as a portion of the plea bargain might encourage the defendant to accept such a plea bargain. No rule binds the State to persist in the same recommendation throughout the trial and at all stages of the proceeding. Furthermore, if the defendant were to be convicted of three felonies, it might bear largely on the punishment to be imposed, especially if the proof adduced circumstances which were unfavorable to the defendant in the nature of the conduct involved.

■■ *Boykin v. State of Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, holds that the knowing and understanding entry of a plea of guilty involves waiver of federal constitutional rights, and that the court cannot presume a knowing waiver from a silent record. But we do not have a silent record here. We have a record that demonstrates that the trial court informed the defendant that by pleading guilty he waived a right to trial by jury. This, of necessity, informed the defendant that he had a right to trial by jury. We do not believe that the substance of the law is to require an incantation of precise words. It appears that the trial judge was exercising what the *Boykin* case calls "the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences" (page 1712 of the Supreme Court Reporter).

We believe the defendant was sufficiently advised of his right to trial by jury and that his plea of guilty was knowingly and understandingly made and was not coerced.

Judgment affirmed.

EBERSPACHER, P. J., and G. MORAN, J., concur.