THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v*. WILLIE ROBINSON, Defendant-Appellant.

(No. 72-112;

Fifth District—June 7, 1973.

Robert E. Farrell, of Defender Project, of Mt. Vernon, (Edith L. James, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, (James W. Jerz and Edward N. Morris, both of Model District State's Attorneys Office, of Elgin, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant, Willie Robinson, pleaded guilty to burglary and theft in excess of $150 in the circuit court of St. Clair County, and was sentenced to the penitentiary for a term of not less than 4 nor more than 12 years. On this appeal it is contended that the trial court erred in denying defendant's election to undergo rehabilitation treatment as a narcotic addict pursuant to the Dangerous Drug Abuse Act. Ill. Rev. Stat., ch. 91½, sec. 120.1 *et seq.* (Eff. 7/1/71.)

A hearing on defendant's application for probation was held on October 12, 1971. The probation report submitted to the court recommended against probation but stated that defendant "* * * is a known narcotic addict and these burglaries are a method of him obtaining money to supply his habit." It was recommended that, "* * * he should be confined to a penal institution where he may be able to be put on a withdrawal basis and cure from the drug habit." It also appears that while confined prior to trial defendant had complained of being sick with cramps due to heroin withdrawal symptoms and that he had been taken to a hospital for a shot. His previous record consisted of three burglary and larceny convictions and one conviction for illegal possession of narcotic drugs.

After reading the probation report the court asked defendant if he wanted to stand on it or if he would like to introduce testimony. The defendant replied that the Narcotics Service Counsel, the NACO Program, had accepted him and that he would like to get in that program if possible. His attorney added that he had a letter proving that defendant had been in touch with that program and would be accepted for enrollment. The court then asked defendant if he stole to buy drugs and the defendant replied in the affirmative. With no further discussion of drugs or the alleged addiction of defendant the court called attention to his long list of arrests and convictions, and then denied probation and imposed sentence.

On the basis of these facts defendant contends that his request for commitment to the NACO Program constituted an election to be senenced under the Dangerous Drug Abuse Act and that the imposition of a penitentiary sentence was improper. The State argues that whether a person should be accorded the benefit of the Act is solely within the discretion of the court, and that to qualify for treatment of his drug addiction, rather than be punished for his crime, defendant must first

show himself "worthwhile" of probation under the normal standards governing probation.

The Dangerous Drug Abuse Act is a comparatively recent enactment of the Illinois Legislature and the question presented here is one of first impression. We find it necessary, therefore, to discuss the Act at some length. Its purpose as a medico-social approach to drug addiction is stated in section 120.2 as follows:

> "It is the public policy of this State that the human suffering and social and economic loss caused by addiction to controlled substances and the use of cannabis are matters of grave concern to the people of the State. It is imperative that a comprehensive program be established and implemented through the facilities of the State, counties, municipalities, the Federal Government, and local and private agencies to prevent such addiction and abuse; to promote research on the effects and consequences of the abuse of controlled substances and use of cannabis; to study the problem of the abuse of controlled substances and use of cannabis in this State and inform the public as to its findings; and to provide diagnosis, treatment, care and rehabilitation for controlled substance addicts to the end that these unfortunate individuals may be restored to good health and again become useful citizens in the community."

■■ It is apparent that the Act is intended to reach all individuals in need and to provide for their treatment and rehabilitation whether or not charged with a crime, and whether or not convicted of a crime. Depending upon the status of the individual, different procedures are provided for his acceptance for treatment by the Department of Mental Health. Section 120.7 applies to an individual not subject to a criminal charge; section 120.9 to one charged with crime but not yet convicted; and section 120.10 to one already convicted of a crime (by plea or otherwise) but not yet sentenced. It is with this last section that we are presently concerned.

This section provides in substance that if the court has reason to believe an individual is an addict, or if the individual states he is an addict (and provided in all instances, that the individual is eligible for treatment under the qualifications stated in section 120.8), the court, in its discretion, may offer him an opportunity to choose treatment in lieu of an immediate imposition of sentence. However, the court must first advise him of the consequences, i.e., (a) that he will be placed on probation and under the supervision of the department for a period not exceeding the maximum sentence that could be imposed for the crime for which he was convicted or 5 years, whichever is less; (b) that during

that probation period he might be confined in an institution or, at the discretion of the department, released to the community for supervised after-care treatment; (c) that if he adheres to the program and the conditions of his probation he will be discharged, but that any failure to adhere to the program shall constitute a breach of probation and such breach shall then be treated in accordance with the probation regulations. If, at this point the individual elects to undergo treatment the court must order an examination by the Department of Mental Health to determine if he is an addict and likely to be rehabilitated through treatment. Thereafter, acting upon the report and the recommendations of the department, if the court determines that the individual is an addict and likely to be rehabilitated it may place him on probation under the supervision of the probation authorities and under treatment by the department. If the court determines that the individual is not an addict or is an addict not likely to be rehabilitated through treatment it must proceed to pronounce sentence as in other cases.

■■■ Examining this procedure closely it appears eminently clear that the granting of treatment, in lieu of imprisonment for the particular crime committed, is at the discretion of the court and not an option to be chosen solely by the defendant. Nor must defendant first show himself qualified for probation as contended by the State. The probation mentioned is merely descriptive of the status of the individual when and if he is accepted for treatment.

Accordingly, the issue here is not whether defendant elected to undergo rehabilitative treatment as an addict, but rather whether the court abused its discretion in not inquiring further into defendant's addictive state so that it might be understandingly determined whether he actually was an addict and a likely subject for rehabilitation. From the facts before us there can be no question that in the language of the Act the court should have "had reason to believe defendant was an addict". The probation report referred to him as a known narcotic addict, and specifically stated that the burglaries he committed constituted his means for obtaining money to supply his habit. It recommended that defendant should be confined where he might be put on a withdrawal basis and be cured of his drug habit. In reply to a specific question from the court defendant admitted stealing to buy drugs and the court was informed that he had been accepted for treatment in the NACO Program of the Narcotics Service Counsel.

■■■ Under these circumstances it is our conclusion that the trial court abused its discretion in failing to implement the provisions of the Act. Though it appears to have been unintentional due to a lack of information concerning the Act on the part of all parties, nonetheless, it is our

opinion that the defendant, if qualified, should have been and still is entitled to the benefits of the Act. Persuasive of this conclusion is a California case interpreting a statute similar to ours relating to civil commitment of narcotic addicts. (*People v. Ortiz*, 61 Cal.2d 249, 37 Cal. Rptr. 891, 391 P.2d 163.) The court there noted that the California statute likewise does not set forth any formalities which the trial court must follow in making the preliminary determination whether defendant is addicted to narcotics and requires institution of commitment proceedings, nor does it specify any criteria which the court must consider in so ruling. However, the court concluded that the discretion vested in the court should be exercised with a view to implementing, rather than possibly frustrating, the strong legislative policy disclosed by the enactments creating and governing the narcotic addict rehabilitation program. And that policy favors inquiry into the addictive status of *all* criminal defendants whose record indicates the presence of an addiction problem. We are in accord with this view.

The judgment of the circuit court of St. Clair County is reversed insofar as it decrees the sentence as entered, and the cause is remanded, not for a new trial on the issue of guilt, but for such further proceedings under the Drug Abuse Act as are necessary, to enable the court to exercise the discretion vested in it in conformity with this opinion.

Reversed and remanded with directions.

EBERSPACHER, P. J., and G. MORAN, J., concur.