THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD BELLEVILLE, Defendant-Appellant.

(No. 73-223;

Fifth District—July 1, 1974.

Robert E. Farrell and Michael J. Rosborough, both of the State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Donald J. Dahlmann, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant was convicted of burglary upon his plea of guilty in the Circuit Court of St. Clair County. He was sentenced to the penitentiary for a term of not less than 2 years or more than 6 years.

On this appeal defendant claims that the trial court failed to comply with Supreme Court Rule 402 (Ill. Rev. Stat., ch. 110A, par. 402.); that the trial court improperly denied his request for probation; and that his sentence was excessive.

A review of the entire proceeding shows that defendant as to all of the points he has questioned under Supreme Court Rule 402 (Ill. Rev. Stat., ch. 110A, par. 402) was properly admonished. While it would be preferable if a method of separate questions and answers had been used, we find the procedure here used sufficient where no question arises as to defendant's ability to understand.

■■ Defendant next claims that he should have been granted probation for the purpose of treatment as a drug addict. (Ill. Rev. Stat. 1973, ch. 91½, par. 120.10.) In this regard defendant cites *People v. Robinson*, 12 Ill.App.3d 291, 297 N.E.2d 621. We adhere to our holding in *Robinson* but find that the facts here require a different result. The only evidence in this record of defendant's use of drugs is his own statement and he states that he has not used such drugs for 3 months. Under all the circumstances of this case we find that denying probation for the purpose of treatment was not error.

■■ While there is evidence in the record to sustain the trial court's denial of probation, there is nothing in addition to justify a sentence in excess of the minimum provided by law. In other words, to justify more than a minimum sentence, it takes evidence in addition to what is necessary to justify a denial of probation. Since such additional evidence does not appear in this record, we reduce to a minimum of 1 year and a maximum of 3 years.

Judgment affirmed as modified.

G. MORAN, P. J., and CARTER, J., concur.