THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES LESTER SMITH, Defendant-Appellant.

(No. 12326;

Fourth District—November 14, 1974.

John F. McNichols, of State Appellate Defender's Office, of Springfield, for appellant.

Roger W. Thompson, State's Attorney, of Lincoln (John W. Foltz, of Circuit Attorneys Project, of counsel), for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The defendant appeals from a judgment of the circuit court of Logan County sentencing him from 1 to 3 years in the penitentiary for illegal possession of a controlled substance in violation of section 402(b) of the Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, par. 1402(b)). In this court the defendant contends (1) that the court inadequately admonished him as to the consequences of his guilty plea, and (2) that the court abused its discretion in imposing a term of imprisonment in the penitentiary without giving the defendant the opportunity to be sentenced under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1973, ch. 91½, par. 120.1 et seq.).

On November 19, 1972, the defendant, then 19 years of age, took an overdose of barbiturates and entered a hospital in Lincoln, Illinois. His condition was reported to the police and they arrived at the emergency room and ascertained from the defendant that he had taken some 62 phenobarbital tablets and told the officer that there were other tablets to be found in a boot. The officer found an additional 350 such tablets in the defendant's left boot. Defendant was charged with illegal possession of a controlled substance and was admitted to bail on his own recognizance on a plea of not guilty. His bond was revoked after he got into a fight at home and created a disturbance requiring police intervention.

Defendant requested a psychiatric examination and was examined by two psychiatrists and a psychologist. They found he was addicted to the use of drugs and that over a period of time beginning when he was 14 years of age he had used drugs but that his use of drugs was apparently in remission. He was quite a heavy drinker and had been so since he was 14 years of age. He testified and told the psychiatrists that he used drink as a substitute for drugs to alleviate his depressive mood. The not guilty plea was withdrawn and a plea of guilty entered.

The operative events occurred prior to the effective date of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 et seq.). The court advised the defendant that since the sentence under the provisions of the Code was more severe than under the old act, he would utilize the old law in the imposition of penalty. In addition, the State's Attorney advised the court in defendant's presence that he would not recommend a penitentiary sentence. The court then went into great detail, explaining that he was not bound by such recommendation and in accurate, adequate and precise terms fully admonished the defendant as to the consequences of his plea and determined that the guilty plea was voluntarily entered. There is no inadequacy in the admonitions given and this alleged error is without merit.

: The second alleged error is that the trial court abused its discretion in not utilizing the provisions of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1973, ch. 91½, par. 120.1, *et seq.*). Filed simultaneously with this opinion is our case of *People v. Dill,* 23 Ill.App.3d 503. We should note that factually as to the use of drugs that case is almost on all fours with the one we consider. It does differ from this case in that the issues there considered arose over the court's revocation of defendant's probation granted on a plea of guilty for the offense of burglary; while here we consider the effective provisions of the Dangerous Drug Abuse Act in connection with a crime wholly related to the use of drugs. The same distinction may be made in connection with *People v. Robinson,* 12 Ill.App.3d 291, 297 N.E.2d 621, *People v. Clinkscale,* 14 Ill.App.3d 226, 302 N.E.2d 181, and *People v. Belleville,* 20 Ill.App.3d 1088, 314 N.E.2d 35, an observation, however, that does not require a treatment different from that of *Dill.*

We adhere to the statements concerning the Dangerous Drug Abuse Act which we stated in *Dill.* There, as here, there was no reference made to the Dangerous Drug Abuse Act. Neither defendant's counsel nor the State's Attorney nor the trial judge made any reference to it. Such being true, we are therefore unable to determine from this record whether or not the trial judge did exercise a discretion in this case where he knew or should have known that the defendant had a demonstrable addiction problem. In the other cases, the addiction problem was brought to the attention of the trial court through the efforts of the defendant himself through motion. In this case, the determination of addiction was brought squarely into the record through the findings of the psychiatrists when making the determination of whether or not this defendant was competent to stand trial. It is clear that the State's Attorney recommended here, as he did in *Dill,* probation under close supervision because of the drug addiction—treatment somewhat similar to that available under the Dangerous Drug Abuse Act.

We recognize the purposes of the legislature in adopting the Dangerous Drug Abuse Act to be two-fold: (1) an effort to curb what appears to be a springboard or incentive resulting in the commission of criminal offenses, and (2) to rehabilitate the defendant where possible. The exercise by the trial court of its discretion in admitting the defendant to probation and requiring treatment under the Dangerous Drug Abuse Act is a disposition imposed as a rehabilitative rather than a criminal sanction. It is a disposition in lieu of a criminal sanction. When it fails then a sentence as defined in the Criminal Code follows.

Where the record shows as it does here that the defendant was ad-

dicted to the use of drugs, then it must likewise affirmatively show that the court considered probation and treatment as an alternative to criminal sanctions and rejected the alternative in the exercise of a sound discretion based on the record facts.

■■ Accordingly, the judgment of conviction is affirmed, the sentence is vacated and the cause remanded to the trial court with directions to consider whether probation and treatment are properly available under the Dangerous Drug Abuse Act and for an appropriate disposition of this defendant based upon such reconsideration.

Affirmed in part; reversed in part, and remanded with directions.

CRAVEN and KUNCE, JJ., concur.