The People of the State of Illinois, Plaintiff-Appellee, *v.* Kenneth
E. Edwards, Defendant-Appellant.

(No. 74-336;

Fifth District—June 26, 1975.

Stephen P. Hurley, of State Appellate Defender's Office, of Mt. Vernon (James E. Ligman, Research Assistant), for appellant.

Loren P. Lewis, State's Attorney, of Benton (Bruce D. Irish and Myra J. Brown, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Defendant, Kenneth E. Edwards, was charged in a two-count information with burglary and theft over $150. Pursuant to plea negotiations he pled guilty to the burglary charge and received the recommended sentence of 2 to 6 years.

On this appeal, defendant raises three issues: (1) whether the guilty plea was not knowing and voluntary because induced by an illusory bargain; (2) whether the trial court should have inquired into defendant's drug abuse history before sentencing the defendant to a term of imprisonment; and (3) whether defendant made a valid waiver of his right to a presentence hearing.

The facts pertinent to discussion of these issues are as follows. On July 15, 1974, defendant made an initial appearance before the trial court. At the beginning of the proceeding the court questioned defendant concerning routine background information, such as his residence, age, education, and employment. During this questioning the court asked the defendant whether he had ever had any treatment for a mental problem. Defendant responded, "No sir, outside of drug treatment." The court then proceeded to explain the nature of the charges and the possible penalties and to admonish the defendant of his various rights.

On July 24, 1974, defendant appeared before the court for arraignment. After defendant had been admonished of and had waived his right to counsel the State's attorney explained that a plea agreement had been reached. The terms of this agreement were that the defendant would plead guilty to the burglary charge and that in return, the theft charge would be dismissed, a sentence of 2 to 6 years would be recommended,

and a letter would be written by the State's attorney to the parole board recommending parole at the earliest possible date.

Also during the arraignment the following colloquy occurred:

> "Court: And if you do enter a plea of guilty, you have a right to a presentence hearing at which evidence will be presented by both the People and by you to help the court in making up its mind on what the penalty should be. You understand that?
>
> Defendant: Yes, sir.
>
> Court: And you desire at this time to waive trial by jury and waive trial by the Court and enter a plea of guilty. Is that right?
>
> Defendant: Yes, sir.
>
> Court: And you are then desirous to waiving hearing on the presentence hearing. Is that right?
>
> Defendant: Yes, sir."

The court then proceeded to admonish the defendant, determined the existence of a factual basis for the plea, determined the plea to be voluntary, and finally accepted the plea and imposed sentence.

Defendant's first contention on this appeal is that his plea was not knowingly and intelligently made because it was induced by an "illusory" bargain. Defendant's rationale for this contention is that by offering to dismiss the theft charge, which was based on the same act and property as was the burglary charge, the State's attorney offered defendant nothing more than the law required. And, since the defendant was not advised that he could not be convicted and sentenced on both theft and burglary, he thought he was receiving a concession which he actually was not, and therefore he did not intelligently enter the guilty plea.

■■ There is no doubt that when a burglary and a theft result from the same conduct and involve the same property, defendant cannot be convicted and sentenced for both offenses. (*People v. Sullivan*, 12 Ill.App. 3d 394, 297 N.E.2d 586; *People v. Staggs*, 12 Ill.App.3d 339, 297 N.E.2d 621.) But it does not follow that defendant's negotiated plea of guilty to burglary must be vacated merely because defendant could not have been convicted and sentenced on both burglary and theft upon a trial. The trial court does not have a duty to assure that defendant receives the best bargain possible through negotiations, nor is it incumbent on the court to advise the defendant that he would receive the same sentence without the bargain. *People v. Merchant*, 4 Ill.App.3d 937, 283 N.E.2d 721.

Defendant does not allege on this appeal that he would not have pled guilty had he known he could not have been convicted and sentenced on both offenses. Nor do we think the record would justify such an asser-

tion, for the plea bargain called not only for dismissal of the theft charge, but also for recommendation of a sentence of 2 to 6 years and for submittal of a letter to the parole board by the State's attorney recommending the earliest possible parole. In light of the fact that defendant was on parole after a sentence of 2 to 4 years from a previous burglary conviction at the time of the instant offense, the recommendation of the 2- to 6-year sentence alone would seem to be adequate consideration for the plea.

Neither of the two cases which defendant cites as requiring the plea to be vacated on this issue are dispositive. This is not a case of an unfulfilled or unfulfillable promise as was *People v. Spurlock*, 19 Ill.App.3d 474, 311 N.E.2d 739; nor is this a case in which the defendant was misled as to the consequences of his plea, as was *People v. Jackson*, 13 Ill.App.3d 232, 300 N.E.2d 557.

The Committee Comments to Supreme Court Rule 402 (Ill. Ann. Stat. ch. 110A, § 402 (Smith-Hurd 1975 Supp.) state:

"Paragraph (a) sets forth the admonitions which must be given to the defendant to insure that his guilty plea is intelligently and understandingly made, as required by *Boykin*."

The record shows that the defendant was adequately admonished according to Rule 402(a).

■■ The defendant next contends that the trial court committed an abuse of discretion by not inquiring into the defendant's past drug activity. Defendant asserts that his response during the July 15, 1974, hearing that he had not had any treatment for a mental problem outside of drug treatment put the court on notice of defendant's past difficulty with drugs and that, therefore, the court should have explored this area in light of the Illinois Dangerous Drug Abuse Act (Ill. Rev. Stat., ch. 91½, par. 120.1 *et seq.*).

Section 9 of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1973, ch. 91½, par. 120.9) states in part:

"If a court has reason to believe that an individual charged with a crime is an addict or the individual states that he is an addict and the court finds that he is eligible to make the election provided for in Section 8, the court may advise him that the prosecution of the charge may be continued if he elects to submit to treatment and is accepted for treatment by the Department."

Granting of treatment under the Dangerous Drug Abuse Act is a matter of discretion with the trial court; however, proper exercise of that discretion requires that the court inquire into the defendant's addictive state when the court has reason to believe the defendant is a narcotics addict. (*People v. Robinson*, 12 Ill.App.3d 291, 297 N.E.2d 621.) Further-

more, the record must show that the court has in fact exercised its discretion in denying a defendant the benefit of the Dangerous Drug Abuse Act in a case in which the court has reason to believe the defendant to be an addict. (*People v. Smith*, 23 Ill.App.3d 387, 319 N.E.2d 238; *People v. Dill*, 23 Ill.App.3d 503, 319 N.E.2d 240.) On the other hand the trial court is under no duty to initiate inquiry as to whether or not the defendant is addicted or to invoke certification procedure for treatment under the Act on its own initiative. *People v. Dill; People v. White*, 10 Ill.App. 3d 566, 294 N.E.2d 699 (abstract only).

The important question in this case is whether the trial court had reason to believe the defendant was an addict; if it had, further inquiry would have been required. It is important to note in this regard that this case does not involve a situation in which the court was faced with a well documented record of an addictive condition as was the court in *People v. Robinson; People v. Smith; People v. Dill; People v. Clinkscale*, 14 Ill. App.3d 226, 302 N.E.2d 181; and *People v. Elsner*, 27 Ill.App.3d 957, 327 N.E.2d 592. The only evidence in the instant case of the defendant's use of drugs was the single response by the defendant that he had had drug treatment. There is nothing in the record to indicate that defendant was addicted to drugs at the time of the proceedings before the trial court.

■■ Just prior to making the statement about his past drug treatment, defendant advised the court that he was presently employed by an auto parts dealer. This fact would seem to negate any present addiction. Furthermore, during both proceedings before the trial court, defendant on his own initiative brought to the attention of the court the fact that he needed medical attention for bruised ribs and for torn ligaments in his leg. Had defendant then been suffering as a result of an addictive condition it is reasonable to assume he would have also brought this to the attention of the court. Under these circumstances we cannot say that the trial court had reason to believe defendant to be an addict, therefore, we cannot say that the court abused its discretion by not inquiring about defendant's drug involvement. Upon its facts this case is similar to our case of *People v. Belleville*, 20 Ill.App.3d 1088, 314 N.E.2d 305, and our conclusion is the same as there.

■■ The final contention on this appeal is that the court's admonitions may have misled the defendant into believing that a waiver of trial and a plea of guilty necessarily waived the presentencing hearing. As pointed out previously in this opinion, after defendant had expressed his desire to waive his right to trial and to plead guilty, the court asked the defendant:

> "And you are then desirous to waiving hearing on the pre-sentence hearing. Is that right?"

Defendant emphasizes use of the word "then" in this quoted sentence as possibly misleading. This contention is without merit. Viewing this question from the court in light of the admonishment which preceded it and in light of the fact that the defendant had voluntarily entered into a plea negotiations by which defendant had already agreed to the recommended sentence, we do not feel defendant was misled by the court. See *People v. Watland*, 4 Ill.App.3d 845, 281 N.E.2d 435.

Affirmed.

EBERSPACHER and G. MORAN, JJ., concur.