THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DENNIS NEWLIN, Defendant-Appellant.

(No. 74-386;

Fifth District—September 10, 1975.

736

Stephen P. Hurley and Ann L. Carr, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Howerton, State's Attorney, of Marion, for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Defendant entered a nonnegotiated plea of guilty to the offense of burglary and theft over $150. Following a probation report and sentencing hearing defendant received a sentence of not less than 2 nor more than 20 years' imprisonment. He appeals.

We review the following issues raised by the defendant: (1) whether there was a sufficient factual basis for the plea of guilty as required by Supreme Court Rule 402(c) (Ill. Rev. Stat., ch. 110A, § 402(c)), since (a) the record indicates there was no reason to believe the defendant committed the crime; and (b) the defendant's statements concerning his drug use imposed a duty on the trial judge to inquire further whether such drug use negated the requisite intent to commit the crime; (2) Whether the trial court abused its discretion by failing to consider probation for drug treatment pursuant to section 10 of the Dangerous Drug Abuse Act (Ill. Rev. Stat., ch. 91½, § 120.10) as a sentencing disposition; (3) Whether the trial court abused its discretion by sentencing defendant to 2 to 20 years' imprisonment.

On March 8, 1974, a two-count information was filed charging defendant with burglary and theft against Yuill Music Company. At his first appearance in court on that same date the court informed defendant of the nature of the charges, the possible penalty, right to indictment, the right to a prompt trial, to confront witnesses and the right to counsel. At this juncture the defendant admitted the offenses stating:

"I wouldn't have done it if I hadn't been drinking. If I had just had a job. I just needed money. I tried to get in the Army, couldn't do that. I was drinkin', on dope, I just don't know why I did it."

The judge responded that nothing could be done that day and fixed bond.

A preliminary hearing was conducted on March 18. A police officer testified and summarized a confession that had been given by defendant and the confession was admitted into evidence. In the confession the defendant admitted that he entered the music store with some others and took four guitars.

Indictment was returned against defendant by the grand jury on April 18. Count I charged defendant with burglary and Count II charged theft.

On July 2 a hearing was held on defendant's motion to suppress his confession which was denied. On July 9 the defendant made another appearance in court. The judge again explained the nature of the charges and the possible penalty and advised defendant of his other rights pertaining to trial. The court found that the accused understood the pos-

sible sentence and determined that defendant's plea was voluntary. The defendant then entered a plea of guilty to both offenses.

A sentencing hearing was held on August 23. A probation report was furnished to the court and the defendant took the stand to testify in his own behalf. He testified that he was 17 years old and had an eighth-grade education. He was currently employed for $2.40 an hour with opportunity for advancement. He had been convicted of several offenses and had served 4 months at the State Penal Farm for conviction of criminal damage to property. He had also been sentenced to the Department of Corrections for juvenile violations. He did his stealing when he did not have a job and he testified that he had given a statement and confession to the police.

Defendant said he smoked "pot" and took drugs, that he had smoked "pot" all day on the date of the music store burglary. He had recently been fired from two jobs, one for leaving work to see his attorney and the other because he was short on accounting for money, although he later found the money and returned it. He stated that his troubles began after he started on dope. He had started using all kinds of drugs in 1970, and had been getting into trouble ever since, including the commission of theft during periods of unemployment. He was unemployed at the time of the instant crime. He had not wanted to stay on drugs, but that it had become a habit simply because the drugs were available. Just a few days before the sentencing hearing, he had been picked up for a crime that he had not committed. This, in combination with a "big long talk" with his fiancée and parents, made him decide to quit taking drugs for good. That decision was made 2 days prior to the sentencing hearing.

Defendant asked for probation because everything was looking good for him, he had a good job and a chance to get married. He offered to make restitution to the music store and pay his court costs. The State offered the prior record of the defendant in aggravation.

The court denied probation and imposed sentence.

The defendant's initial contention is that the trial court failed to determine that there was a factual basis for the plea.

Supreme Court Rule 402(c) provides that a trial court "* * * shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." This requirement is met when it appears on the record that the defendant actually committed the acts with the intent, if any, required to constitute the offense to which the defendant is pleading guilty. (*People v. Hudson*, 7 Ill.App.3d 800, 288 N.E.2d 533.) The trial judge may use any portion of the record to find a sufficient factual basis for the plea. *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559; *People v. Kinsley*, 10 Ill.App.3d 326, 293 N.E.2d 627.

■■ The record here sufficiently establishes the factual basis. It contains the defendant's statement in which he admits entering the store and taking the guitars. A police officer summarized this statement at the hearing on the motion to suppress. At the sentencing hearing, before the same judge who presided at the motion to suppress, the defendant admitted he gave a confession to the police. A statement or confession by a defendant may properly be considered in a determination of the sufficiency of the factual basis to support a plea of guilty. (*People v. Miller*, 6 Ill.App.3d 354, 285 N.E.2d 488.) The judge stated at the sentencing hearing that he recalled the testimony of the policeman at the preliminary hearing summarizing defendant's actions in the commission of the crime.

A related contention is defendant's claim that his statements concerning his drug use imposed a duty on the judge to determine whether such drug use negated the existence of the requisite element of intent.

Section 6—3 of the Criminal Code (Ill. Rev. Stat., ch. 38, § 6—3) defines the defense of intoxication:

"A person who is in an intoxicated or drugged condition is criminally responsible for conduct unless such condition * * *:

(a) Negatives the existence of a mental state which is an element of the offense."

For voluntary intoxication to be a legal excuse and render the specific intent impossible, the condition of intoxication must be so extreme as to suspend all reason. (*People v. Heiple*, 29 Ill.App.3d 452, 330 N.E.2d 556; *People v. Rose*, 124 Ill.App.2d 447, 259 N.E.2d 393.) The same test would apply if drugs were the agent that deprived a defendant of the capacity to form the necessary specific intent.

■■ In the case at bar the defendant said he had been smoking "pot" all day on the date of the offense. In spite of this he was capable of giving the police a complete account of the incident. Several times he testified concerning his use of drugs, but never did say that he was unable to control his actions. He said he did not have a job. This case is factually distinguished from *People v. Troyan*, 21 Ill.App.3d 375, 315 N.E.2d 335, where defendant stated he had no memory at all of the occurrence. We think the record supports our conclusion that the defendant had the ability to form the specific intent to commit the crime in question.

■■ Defendant further argues that the trial judge abused his discretion for failing to consider probation for drug treatment.

Section 9 of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1973, ch. 91½, § 120.9) states in part:

"If a court has reason to believe that an individual charged with a crime is an addict or the individual states that he is an addict

and the court finds that he is eligible to make the election provided for in Section 8, the court may advise him that the prosecution of the charge may be continued if he elects to submit to treatment and is accepted for treatment by the Department."

Granting of treatment under the Dangerous Drug Abuse Act is a matter of discretion with the trial court; however, proper exercise of that discretion requires that the court inquire into the defendant's addictive state when the court has reason to believe the defendant is a narcotics addict. (*People v. Robinson*, 12 Ill.App.3d 291, 297 N.E.2d 621.) Furthermore, the record must show that the court has in fact exercised its discretion in denying a defendant the benefit of the Dangerous Drug Abuse Act in a case in which the court has reason to believe the defendant to be an addict. (*People v. Smith*, 23 Ill.App.3d 387, 319 N.E.2d 238; *People v. Dill*, 23 Ill.App.3d 503, 319 N.E.2d 240.) On the other hand the trial court is under no duty to initiate inquiry as to whether or not the defendant is addicted or to invoke certification procedure for treatment under the Act on its own initiative. *People v. Dill; People v. Williams*, 4 Ill.App.3d 362, 280 N.E.2d 798; *People v. White*, 10 Ill.App.3d 566, 294 N.E.2d 699 (abstract opinion).

The defendant's testimony indicated that he had used drugs for several years. He had "smoked pot" all day on the date of the instant offense. He admitted the continual use of drugs until 2 days before the sentencing hearing, at which time he supposedly quit. While these statements belie any claim of physical or psychological dependency on drugs, they do indicate that the defendant was a habitual drug user. In addition, the defendant's statements indicated that his crime was linked to his drug use.

As in *People v. Edwards*, 29 Ill.App.3d 625, 331 N.E.2d 342, the important question here is whether the trial court had reason to believe defendant was an addict, in which case it would be incumbent upon the court to exercise its discretion regarding the granting of treatment under the Dangerous Drug Abuse Act in lieu of a sentence. *People v. Robinson.*

Section 3.03 of the Dangerous Drug Abuse Act (Ill. Rev. Stat., ch. 91½, § 120.3—3) defines an addict as "* * * any person who habitually uses any controlled substance so as to endanger the public morals, health, safety or welfare or who is so far addicted to the use of controlled substances as to have lost the power of self control with reference to his addiction."

■■ Whether a court "has reason to believe" an individual convicted of a crime is an addict must be determined from the facts presented in each case. Whether those facts, gathered from evidence or information

presented during a trial or at a sentencing hearing, reach to the extent of the statutory definition of addict, cannot be determined from fixed rules or guidelines. None are furnished by the statute. However, several cases in Illinois have considered the question and resort may be had to the factual presentations and results of those cases for purposes of comparison. In *People v. Robinson*, defendant specifically asked for a drug treatment program and stated he had been accepted for treatment by a particular agency for treatment. Defendant was a known narcotics addict and suffered withdrawal symptoms while in jail awaiting his court appearance. The case was remanded with instructions to the trial court to consider the drug treatment alternative. In *People v. Smith*, defendant requested a psychiatric examination. Two psychiatrists and a psychologist examined defendant and they found him to be a drug addict. He testified he had been an addict since age 14. The case was remanded for consideration of the drug treatment alternative. In *People v. Dill,* extensive involvement with drugs was a matter of record. Defendant had used drugs since age 14. His Army discharge was based on drug use. Defendant, through his attorney, requested a drug treatment program. It was refused and sentence was imposed. The appellate court reversed and remanded with directions that a drug treatment program be considered. In *People v. Clinkscale*, 14 Ill.App.3d 226, 302 N.E.2d 181, defendant petitioned for admission to a drug treatment program as a narcotic addict. The trial court ordered defendant examined by the Drug Abuse Program of the Department of Mental Health to determine whether he was an addict. A report of that Department found defendant to be acceptable for treatment under the statute but the trial court refused to grant probation for the drug treatment program and imposed a sentence. The appellate court found defendant to be a drug addict at the time of sentencing and remanded for consideration of the propriety of admitting defendant to a program. In *People v. Elsner*, 27 Ill.App.3d 957, 327 N.E. 2d 592, a presentence investigation report concluded that defendant's was a case of total drug involvement and this was buttressed by testimony of family members to defendant's involvement with drugs. The appellate court noted that although the record indicated the trial judge believed defendant to be an addict, there was no indication that there was consideration of treatment under the Act. The case was remanded for that purpose. In *People v. Belleville*, 20 Ill.App.3d 1088, 314 N.E.2d 35, the only evidence regarding defendant's use of drugs was his own statement, and he also said he had not used drugs for 3 months. It was held probation for drug treatment was properly denied. Implicit in the decision is a finding by the appellate court that there were insufficient indicia to gave the court reason to believe that defendant was an addict. To the

same effect is our recent case of *People v. Edwards*, where the only reference to drug involvement was defendant's statement, in response to a question, that he had not had any treatment for mental problems other than drug treatment. It was held that the court had no reason to believe defendant was an addict.

In *People v. White*, 10 Ill.App.3d 566, 294 N.E.2d 699 (abstract opinion), it was assumed that the trial court knew defendant was an addict and the issue was whether defendant had requested a treatment program and if not, whether the court should have placed defendant in a treatment program on its own motion. Defendant requested treatment under the Dangerous Drug Abuse Act but this request consisted solely of the following exchange during the hearing in mitigation:

"DEFENSE COUNSEL: Do you want to get on a program?
DEFENDANT: Yes, sir."

The court concluded that in view of the serious consequences flowing from an election to have treatment under the Dangerous Drug Abuse Act the defendant did not in fact make an election or request to undergo such treatment. Defendant further argued that even if it was found that he had not made a request for treatment under the Act, the trial court on its own motion should have invoked the Act's provisions and certified him for treatment, such being mandatory upon the trial court under the facts. The court rejected this further argument, pointing out the Act's provision that the court *may* certify an individual for treatment, and this is clearly distinguishable from compulsory "shall" which the legislature omitted to use.

■■ With the foregoing cases as a reference point, it is apparent that the evidence concerning the extent of defendant's drug involvement was sufficient to cause the court to have reason to believe defendant was an addict. Accordingly, it was incumbent upon the court to consider probation for treatment under the Dangerous Drug Abuse Act as an alternative to a sentence of imprisonment. Since the record does not reflect that such consideration was given, we must remand the case to the trial court for that purpose. Upon remand the trial court should decide whether defendant is an addict as that term is defined in section 3.03 of the Dangerous Drug Abuse Act (Ill. Rev. Stat., ch. 91½, § 120.3—3). If defendant is found to be an addict, the court should then determine whether he meets the eligibility requirements for a treatment program set forth in section 8 of the Dangerous Drug Abuse Act (Ill. Rev. Stat., ch. 91½, § 120.8). If so, then the court should exercise discretion as to whether defendant should be admitted to probation for treatment under section 10 of the Act.

■■ We have taken with the case defendant's motion to add an additional issue to his brief on appeal. It is based on the alleged error of the court in failing to admonish defendant of a mandatory parole term per *People v. Wills*, 61 Ill.2d 105, 330 N.E.2d 505. However, this issue was decided adversely to defendant by the supplemental opinion on denial of rehearing, filed June 30, 1975. Accordingly, defendant's motion for leave to add issue is denied.

■■ Defendant also contends that his conviction for theft stems from the taking of the guitars during the course of the burglary and that even though no sentence was imposed for the theft conviction, the conviction must be reversed under the doctrine of *People v. Lilly*, 56 Ill.2d 493, 309 N.E.2d 1. The State has confessed error in that regard. The conviction for theft must be reversed.

■■ Defendant finally argues that his sentence of 2 to 20 years is excessive. The sentence imposed is within the limits prescribed by the legislature for the crime of burglary. Although the defendant was only 18 years old at the time of sentencing, his prior record justifies the minimum sentence of 2 years. The record shows that as a juvenile, defendant was found delinquent for a theft of property valued under $150, sent to a youth correctional center, paroled and returned for a parole violation. As an adult he was convicted of criminal damage to property and served 6 months at the Vandalia State Farm. He was also convicted and fined for illegal transportation of alcohol, reckless driving, driving without an operators license, driving without a valid registration and improper use of registration. But the maximum sentence of 20 years does not comport with accepted standards for sentences as reflected in our constitution and the many cases considering proper sentences. Accordingly, in the event probation for treatment under the Dangerous Drug Abuse Act is not allowed by the trial court, defendant's maximum sentence is reduced to 8 years.

Theft conviction reversed, burglary conviction affirmed; cause remanded with directions.

EBERSPACHER and G. MORAN, JJ., concur.