THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT DEAN MELSON, Defendant-Appellant.

Fifth District No. 75-52

Opinion filed February 17, 1976.

Stephen P. Hurley and Ann L. Carr, both of State Appellate Defender's Office, of Mt. Vernon, and Leslie B. Miller, Law Student, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish and Rolf F. Ehrmann, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The defendant, Robert Dean Melson, appeals from a judgment of the circuit court of Madison County sentencing him to imprisonment for two to six years for the offense of burglary.

The defendant contends that the circuit court abused its discretion by sentencing him without first considering the appropriateness of offering him an opportunity to be treated for drug addiction under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1973, ch. 91½, pars. 120.1 to 120.12).

During the early hours of August 22, 1974, the defendant was arrested by police officers inside a drugstore in Pontoon Beach, Illinois. The defendant had broken into the building and was attempting to take a variety of drugs. The defendant pled guilty to the charge that he had committed burglary in violation of section 19—1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 19—1) on December 2, 1974. The circuit court of Madison County accepted his plea and designated January 3, 1975, as the date for the sentencing hearing.

Prior to the sentencing hearing the probation officer of Madison County filed a presentence report on the defendant with the circuit court. The report revealed that the defendant was 20 years of age when he was arrested, and that he had been paroled on April 15, 1974, for a previous offense. Several passages in the report indicated that the defendant had a serious dependency on drugs. The report also included letters from the defendant to his mother and to the probation officer. In these letters, the defendant admitted he could not control himself wih

respect to the use of drugs. The probation officer recommended in the report that the defendant not be imprisoned, and that he be treated instead for his habitual use of drugs.

At the sentencing hearing, neither the circuit court, the State's attorney nor the defendant's counsel mentioned the possibility of the defendant's being treated under the Dangerous Drug Abuse Act. The circuit court sentenced the defendant to imprisonment for an indeterminate term between two years and six years in length.

The defendant argues that the presentence report supplied the circuit court with reason to believe he was an addict within the meaning of section 3.03 of the Dangerous Drug Abuse Act. (Ill. Rev. Stat. 1973, ch. 91½, par. 120.3—3.) The defendant asserts that because the record does not affirmatively show that the circuit court considered the desirability of offering him treatment under the Act in lieu of imprisonment, the case must be remanded for the circuit court to exercise its discretion on this matter.

■■ A circuit court's discretion to offer a convicted defendant a chance to receive treatment under the Dangerous Drug Abuse Act arises if the defendant is eligible according to section 8 of the Act (Ill. Rev. Stat. 1973, ch. 91½, par. 120.8), and there is reason to believe the defendant is an addict or the defendant states he is an addict. Ill. Rev. Stat. 1973, ch. 91½, par. 120.10.

In deciding what sentence to impose on a defendant, a circuit court does not have a duty to initiate an inquiry to determine whether there is reason to believe the defendant is an addict. (*People v. Newlin,* 31 Ill. App. 3d 735, 334 N.E.2d 349; *People v. Edwards,* 29 Ill. App. 3d 625, 331 N.E.2d 342.) It is desirable, consequently, for a defendant who wishes to receive treatment under the Act to petition the circuit court for such treatment. *People v. McCoy,* 29 Ill. App. 3d 601, 332 N.E.2d 690.

■■ But even if a defendant does not file a petition for treatment, and even though a circuit court does not have to initiate an inquiry to ascertain whether there is reason to believe that a defendant is an addict, a circuit court must still exercise its discretion and consider the alternative of having the defendant treated if facts are brought to its attention which show that there is reason to believe the defendant is an addict, or that the defendant has stated that he is an addict, and that the defendant is eligible for treatment under section 8 of the Act (Ill. Rev. Stat. 1973, ch. 91½, par. 120.8). (See Ill. Rev. Stat. 1973, ch. 91½, par. 120.10; *People v. Dill,* 23 Ill. App. 3d 503, 319 N.E.2d 240; *People v. Robinson,* 12 Ill. App. 3d 291, 297 N.E.2d 621.) These facts may be brought to the attention of the circuit court by means of a presentence report concerning the defendant. See *People v. Robinson.*

Moreover, when a circuit court is required to exercise its discretion under the Act, the record must show that the court has indeed exercised its discretion. *People v. Newlin; People v. Smith,* 23 Ill. App. 3d 387, 319 N.E.2d 238.

In the present case, the presentence report disclosed a reason to believe that the defendant was an addict as defined by section 3.03 of the Act (Ill. Rev. Stat. 1973, ch. 91½, par. 120.3—3). This report also contained what were, in effect, statements by the defendant that he was an addict. Under these circumstances, the circuit court of Madison County was required by section 10 of the Act (Ill. Rev. Stat. 1973, ch. 91½, par. 120.10) to consider giving the defendant a chance to be treated for drug addiction if the defendant were eligible for treatment under section 8 of the Act (Ill. Rev. Stat. 1973, ch. 91½, par. 120.8).

■■ Because the defendant was on parole at the time he was sentenced in this case, he was eligible under section 8 (Ill. Rev. Stat. 1973, ch. 91½, par. 120.8) only if the Parole and Pardon Board consented to his being placed on probation and receiving treatment in accordance with the provisions of the Act. The record should, but does not, show whether the defendant procured the consent of the Parole and Pardon Board to the defendant's being treated rather than imprisoned. See *People v. Clinkscale,* 14 Ill. App. 3d 226, 302 N.E.2d 181.

The record does not show that the circuit court ever considered whether defendant was an addict, the defendant's eligibility, or the appropriateness of allowing the defendant to choose treatment under the Act instead of imprisonment.

■■ Because of these deficiencies in the record, the judgment of the circuit court of Madison County sentencing the defendant to imprisonment for two to six years is reversed, and the case is remanded for a new sentencing hearing. The circuit court should determine at the new hearing whether the Parole and Pardon Board has consented to the defendant's receiving treatment under the Act. If the Parole and Pardon Board has so consented, the circuit court should exercise its discretion under section 10 of the Act (Ill. Rev. Stat. 1973, ch. 91½, par. 120.10), by making a deliberate decision whether to extend to the defendant an opportunity to be treated for addiction rather than imprisoned. See *People v. Dill,* 23 Ill. App. 3d 503, 319 N.E.2d 240.

Reversed and remanded with directions.

EBERSPACHER and KARNS, JJ., concur.