THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ORVAL JAMES MILLER, Defendant-Appellant.

Fifth District    No. 75-379

Opinion filed November 10, 1976.

Stephen P. Hurley, of Mt. Vernon, and Theodore A. Gottfried, of Springfield, both of State Appellate Defender's Office, for appellant.

Michael K. Grabowski, State's Attorney, of Pinckneyville, for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The defendant, Orval James Miller, appeals from a judgment of the circuit court of Perry County sentencing him to imprisonment for two to seven years for the offense of burglary after his plea of guilty.

The defendant contends that the circuit court abused its discretion by sentencing him without first considering the appropriateness of offering him an opportunity to be treated for drug addiction under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1973, ch. 91½, pars. 120.1 to 120.12).

On December 14, 1974, the defendant was arrested while burglarizing a drug store in DuQuoin, Illinois. On May 5, 1975, the defendant pleaded

guilty to the charge that he had committed burglary in violation of section 19—1(a) of chapter 38 of the Illinois Revised Statutes of 1973. The circuit court of Perry County accepted his plea and ordered a presentence investigation report which was filed May 27, 1975 by the probation officer.

The report revealed that the defendant was 25 years of age when he was arrested and that he had "led a drug and tavern oriented life style" and that he had "drifted to excesses in the use of alcohol and other drugs." The report advised probation only on a guarded basis and further recommended that if probation was granted the probation officer should be given authority to direct the defendant to seek counseling and/or drug abuse therapy in addition to the usual conditions of probation. Other references in the report relating to the defendant's drug dependency are set out as follows:

> "On numerous occasions Jim [defendant] has used this girl as a vehicle in obtaining drugs for his own abuse or for sale illegally. On the night in question and the early morning hours prior to the burglary of December 14, 1974 Jim Miller was with this young lady. It was at her residence that he began doing the drugs which caused him to be so high the morning he was apprehended after committing the offense.
>
> The subject has had a health problem prior to and since being incarcerated in Perry County. In addition to being dependent upon drugs he was afflicted with an ulcer."

However, after these numerous references to the defendant's drug dependency, the report stated that the defendant "is currently free from drug dependency."

On June 16, 1975, a sentencing hearing was held. At the hearing the probation officer who had prepared the presentence investigation report discussed the defendant's problems with drugs. He stated that since the defendant had been incarcerated, the effects of the drugs had cleared up. He felt that if defendant's drug problems could be eliminated his other problems would be lessened "without any doubt."

In his argument to the court that the defendant's problems were largely the product of his use of drugs, defense counsel made the following remarks:

> "Mr. Heape [probation officer] says should the court determine to give the defendant probation there should be some considerable restrictions placed on him particularly concerning drug abuse therapy. Again as the court is aware the defendant has suffered drug problems in the past even though his criminal record does not reflect that. He does have some drug related arrests and fine and costs. I feel this is the large factor that caused the defendant to be on the roof of Bianco's that morning the drugs and his desire to get

drugs. This is a drug problem rather than a criminal problem. He needs to find himself away from that scene and perhaps associate with others than the ones he was associating with previously. I think this is the best way to prevent any future crimes on the part of the defendant. This can best be accomplished not through the penal system but through close supervision and counseling with the probation officer."

Prior to sentencing the court outlined those sentencing alternatives which it believed to be available in this case. After mentioning (1) a penitentiary term, (2) jail time and probation, and (3) straight probation, the court stated: "As far as I know these would be the only alternatives that would be open to the court." Defense counsel acquiesced in this statement. Neither the trial judge, the State's attorney nor the defense counsel mentioned the possibility of treatment under the Dangerous Drug Abuse Act. The court then sentenced the defendant to imprisonment for a term of two to seven years.

The defendant contends that the presentence report and the testimony at the sentencing hearing gave the trial court sufficient reason to believe that he was an addict within the meaning of section 3.03 of the Dangerous Drug Abuse Act. (Ill. Rev. Stat. 1973, ch. 91½, par. 120.3—3.) The defendant asserts that because the record does not affirmatively show that the trial court considered the desirability of offering him treatment under the Act in lieu of imprisonment, the case must be remanded to the circuit court to exercise its discretion in this matter. Thus the sole issue for determination is whether the facts were sufficient to give the trial court reason to believe that defendant was an addict.

■■ A trial court's decision to grant treatment under the Dangerous Drug Abuse Act is a matter of discretion; however, the proper exercise of such discretion requires that the court inquire into the defendant's addictive state when it has reason to believe the defendant is a narcotics addict. (*People v. Robinson,* 12 Ill. App. 3d 291, 297 N.E.2d 621.) In addition, the record must demonstrate that the court has in fact exercised its discretion in denying a defendant the benefit of the Dangerous Drug Abuse Act in a case in which the court has reason to believe the defendant to be an addict. (*People v. Smith,* 23 Ill. App. 3d 387, 319 N.E.2d 238; *People v. Dill,* 23 Ill. App. 3d 503, 319 N.E.2d 240.) Whether the facts presented to the court during a trial or the sentencing hearing reach the extent of the statutory definition of "addict" cannot be determined from fixed rules or guidelines; rather, whether a court "has reason to believe" an individual convicted of a crime is an addict must be determined from the facts presented in each particular case. *People v. Newlin,* 31 Ill. App. 3d 735, 740-41, 334 N.E.2d 349.

The courts of this State have found the failure to consider treatment under the Dangerous Drug Abuse Act an abuse of discretion requiring

reversal where the defendant was a known narcotics addict and suffered withdrawal symptoms while in jail awaiting his appearance (*People v. Robinson*, 12 Ill. App. 3d 291, 297 N.E.2d 621), where two psychiatrists and one psychologist testified that the defendant was addicted to drugs (*People v. Smith*, 23 Ill. App. 3d 387, 319 N.E.2d 238), where the defendant had been discharged from the army due to drug use and had used drugs since age 14 (*People v. Dill*, 23 Ill. App. 3d 503, 319 N.E.2d 240), or where the trial judge believed the defendant to be an addict from the evidence of his total drug involvement but nevertheless failed to consider treatment under the Act (*People v. Elsner*, 27 Ill. App. 3d 957, 327 N.E.2d 592). However, other courts have found the evidence insufficient to give the trial court reason to believe that the defendant was an addict where the only evidence regarding the defendant's use of drugs was his own statement (*People v. Belleville*, 20 Ill. App. 3d 1088, 314 N.E.2d 35), or where, in response to a question, defendant stated that he had not had any treatment for mental problems other than drug treatment (*People v. Edwards*, 29 Ill. App. 3d 625, 331 N.E.2d 342).

■■ Applying these authorities to the facts in the instant case, we are of the opinion that there was sufficient evidence to give the trial judge reason to believe that the defendant was an addict. In the presentence investigation report it was stated that the defendant had led a drug- and tavern-oriented life style and had drifted to excess in the use of alcohol and other drugs. While the report did state that the defendant was currently free from drug dependency, it further stated that if defendant was allowed probation the probation officer should be granted the authority to direct him to seek counseling and/or drug abuse therapy as deemed necessary in the future. In addition, at the sentencing hearing this probation officer stated that if defendant's drug problems could be eliminated his other problems would be lessened. Thus, regardless of the indication in the report relating to defendant's current freedom from drug dependency, these statements provided the court with sufficient evidence that serious drug problems persisted.

Since the trial court had reason to believe that the defendant was an addict, it was necessary for the court to exercise its discretion and consider alternative treatment under the Dangerous Drug Abuse Act. However, the record before this court does not indicate that treatment under the Act was one of the alternatives that the trial court considered. Accordingly, the sentence is vacated and the cause is remanded to the trial court for a new sentencing hearing in conformity with the views expressed herein.

Judgment of conviction affirmed; cause remanded for new sentencing hearing.

CARTER and EBERSPACHER, JJ., concur.