THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DEXTER YOUNG, Defendant-Appellant.

Second District    No. 77-140

Opinion filed November 30, 1977.—Supplemental opinion filed on denial of rehearing January 25, 1978.

Ralph Ruebner and Michael Mulder, both of State Appellate Defender's Office, of Elgin, for appellant.

Gene L. Armentrout, State's Attorney, of Geneva (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

The defendant was sentenced to a term of three to nine years in the penitentiary after pleading guilty to a charge of burglary. He appeals,

contending that the record fails to affirmatively show that the trial court exercised its discretion under the Illinois Dangerous Drug Abuse Act (Ill. Rev. Stat. 1975, ch. 91½, par. 120.1 *et seq.*), and that the trial court's judgment must therefore be reversed and the cause remanded for a new sentencing hearing.

We observe that the defendant failed to file the motion to withdraw his plea of guilty and vacate the judgment, which is required by Supreme Court Rule 604(d).[1]

■■■ The defendant has argued that Rule 604(d) has no application where the only issue on appeal is the propriety of the defendant's sentence. The Supreme Court of Illinois rejected such an argument in the recent case of *People v. Stacey* (1977), 68 Ill. 2d 261, holding that a proper motion under Rule 604(d) is required, even where a defendant sentenced on a plea of guilty wishes to appeal only the sentence. The defendant has attempted to distinguish *Stacey* on the grounds that *Stacey* involved negotiated pleas, and that (as the court stated): "As a part of such an agreement the defendant implicitly undertakes to accept the sentence of the court and to admit that the sentence is fair and justified under the circumstances of the case." (68 Ill. 2d 261, 266.) However, we do not believe that the *Stacey* holding, that the filing of a motion under Rule 604(d) is a condition precedent to bringing an appeal from a sentence imposed upon a guilty plea, is limited to cases in which the plea was negotiated. In fact, it seems highly appropriate to apply the requirement for the filing of a motion under Rule 604(d) to cases in which it is claimed that the trial court failed to exercise its discretion under the Dangerous Drug Abuse Act, since experience has shown that a trial court's failure to consider the Act, when it occurs, is frequently inadvertent (see, *e.g.*, *People v. Robinson* (1973), 12 Ill. App. 3d 291; *People v. Smith* (1974), 23 Ill. App. 3d 387; *People v. Miller* (1976), 43 Ill. App. 3d 290), and is thus an omission which could be readily corrected if it were called to the trial court's attention, thereby saving all concerned the delay and expense which an appeal would entail. We thus feel bound to follow the broad rule in *Stacey* that "[p]rocedural rules are binding upon defendants in criminal cases" (68 Ill. 2d 261, 267), and hold that the filing of a proper motion pursuant to Rule 604(d) was a condition precedent to the defendant's appeal, and that by his failure to file such a motion, the defendant has waived the right to raise the issue here, and the appeal must be dismissed.

In view of our holding that the defendant's appeal must be dismissed

---

[1] Rule 604(d) provides in relevant part as follows: "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment." Ill. Rev. Stat. 1975, ch. 110A, par. 604(d).

for failure to comply with Supreme Court Rule 604(d), we need not explore his contention that the trial court erred in failing to exercise its discretion under the Dangerous Drug Abuse Act.

Appeal dismissed.

SEIDENFELD and GUILD, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

The defendant has filed a petition for rehearing, contending that the failure of his court-appointed attorney to file a motion to withdraw his guilty plea under Supreme Court Rule 604(d) worked a denial of his constitutional right to the effective assistance of counsel. *People v. Meacham* (1977), 53 Ill. App. 3d 762, a Third District case published since the date of our opinion herein, is supportive of this contention. Also, the Supreme Court of Illinois rendered an opinion in *People v. Warren* (1977), 69 Ill. 2d 620, filed after the decision in this case, which has served to considerably clarify the proper construction of the Illinois Dangerous Drug Abuse Act. We now deem it appropriate to explore the merits of the defendant's sole contention on appeal which was that the record does not affirmatively show that the trial court properly exercised its discretion under the Dangerous Drug Abuse Act and that his conviction must therefore be reversed and remanded for a new sentencing hearing.

The relevant facts are as follows: On October 21, 1976, the defendant, after being duly admonished by the trial court, entered a plea of guilty. A presentence report and psychological evaluation were subsequently filed. The presentence report stated that the defendant "has a heroin and amphetamine problem," and that although he was "not a good candidate for probation," he "should undergo some type of drug rehabilitative therapy for his own good and for the good of society." The presentence report indicated that the defendant had prior convictions for forgery, attempted robbery, burglary, and possession of cannabis, and that the defendant was on parole at the time of the instant offense. The psychological evaluation observed that the defendant had "a history of thefts and drug related offenses," and that he had been terminated from his job placement under the Community Correctional Services Program because of unexplained absences due to drug usage. According to the psychological evaluation, the defendant told the examiner that he had used drugs since age twelve, and that he had gotten "high" every day in high school. The report went on to state that the defendant said that he

took drugs because he "loved all of the attention he got 'as a dope dealer'," that he liked the feelings that he experienced on drugs, and that he had no interest in participating in a drug treatment program, since drugs would always "be with [him]" and he had no desire to give them up.

At the sentencing hearing, counsel informed the court that the defendant denied having made the statement that he had no interest in a drug program. The court responded that it would not hold the remark against the defendant, since the defendant's "drug habit, if any, or what it is," "would not be of prime consideration here," since the court did not "visualize drug rehabilitation being part of the sentence."

Defense counsel then informed the court that he had contacted Dennis Bell, defendant's probation officer, after the defendant was arrested, and that Bell had told him that the defendant's parole would not be revoked if the court were to grant the defendant "probation or drug treatment as a condition of something other than sentencing him to the Department of Corrections." Mr. Griffith, of the Probation Department, told the court that he had spoken to Bell and that Bell told him that he was in favor of commencing parole revocation proceedings against the defendant. Defense counsel admitted that "he didn't know what the Department of Corrections' inclination is," but that the defendant "had constantly maintained that he is an addict and wants treatment."

Finally, the defendant made a brief statement to the court informing the court that if he had a chance of going to a drug program "a lot would change with me * * * because I need a lot of discipline with drugs." The court then sentenced the defendant to a term of three to nine years.

■■ Even assuming that on constitutional grounds, the defendant cannot be deemed to have waived any error in the trial court's alleged failure to exercise its discretion under the Dangerous Drug Abuse Act, it would nonetheless be necessary to reject his assertion that the failure to consider sentencing him under the Act mandates a reversal of his conviction. A court need not exercise its discretion where the defendant is not eligible for treatment under section 8 of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1975, ch. 91½, par. 120.8), which provides that an addict who is on probation or parole is ineligible for treatment if "the appropriate parole or probation authority" does not consent to an election for treatment under the Act. In this case, there is no affirmative showing that the defendant's parole officer, Bell, or the Parole and Pardon Board, had consented to the defendant making an election under the Act. In *People v. Phillips* (1977), 66 Ill. 2d 412, 416, the court held that the consent of the probation or parole authority "must affirmatively be shown" and "failure to obtain the proper consent prohibits the court from placing [the defendant] in the Act's treatment program." (See *People v. Morgan* (1977), 50 Ill. App. 3d 962; but see *People v. Clinkscale* (1973), 14 Ill. App.

3d 226; *People v. Melson* (1976), 36 Ill. App. 3d 71 (both decided prior to *Phillips*).) Here, defendant's counsel told the court that Bell had consented to the defendant making an election under the Act, and the probation officer, Mr. Griffith, told the court that Bell had determined to institute revocation proceedings; there is nothing in the record to indicate that defendant or his counsel would have had any difficulty in obtaining a statement, or even testimony from Bell, resolving any question as to whether or not Bell would consent to the defendant making an election under the Act. Since the defendant failed to make an affirmative showing that he had obtained the consent of the appropriate parole authority, the trial court was not required to exercise its discretion under the Act.

Further, the record shows that the court considered the defendant's involvement with drugs and then indicated that it did not "visualize drug rehabilitation being part of the sentence." This holding, which amounted to a complete rejection of the asserted option of sentencing the defendant under the Dangerous Drug Abuse Act, is understandable in view of the defendant's demonstrated inability to complete his parole term, and his prior record. It is thus clear that the court did, in fact, exercise its discretion under the Dangerous Drug Abuse Act, by declining to offer the defendant an election for treatment under the Act.

The defendant has argued that the court cannot properly exercise its discretion under the Act where the defendant has requested treatment as an addict, without first ordering an examination by the Department of Mental Health. *People v. Warren* (1977), 69 Ill. 2d 620, resolves this point against the defendant. In *Warren*, the court held that a trial court may properly exercise its discretion under the Act without ordering an examination.

Since the question of whether the trial court erred in failing to consider sentencing the defendant under the Dangerous Drug Abuse Act has already been thoroughly briefed and argued by counsel, and in view of our holding on this point, no purpose would be served by granting the defendant's petition for rehearing. The defendant's petition for rehearing is accordingly denied.

Petition for rehearing denied.

SEIDENFELD and GUILD, JJ., concur.