THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH ANTHONY MORGAN, Defendant-Appellant.

Second District   No. 76-228

Opinion filed July 26, 1977.

Ralph Ruebner and Joshua Sachs, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Phyllis J. Perko and Stephen M. Deitsch, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

The defendant was convicted of burglary following a jury trial and sentenced to a term of 3 to 9 years in prison. He appeals, contending that the trial court improperly failed to consider sentencing him under section 1 of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1975, ch. 91½, par. 120.1 et seq.).

The State did not introduce any evidence at the defendant's sentencing hearing on February 27, 1976. The presentence report showed that the defendant had numerous prior convictions, and was on probation from a burglary conviction in Boone County at the time of sentencing in the instant case. The report indicated that defendant had been released on bond following his arrest on the Boone County burglary charge, and had then voluntarily committed himself to the Tinley Park drug abuse program. He entered this program on February 10, 1975, went absent without leave on April 9, 1975, re-entered the program on April 29, 1975, but left the program again in the middle of May 1975. The report stated that the defendant said that he was "presently in good health suffering from no physical disabilities." It went on to state that the defendant indicated to the probation officer that he "has been involved with heroin use" but had never been placed on a methadone maintenance program and had last used heroin on December 22, 1974.

The defendant was the only witness to testify at the sentencing hearing. After defense counsel asked him if he had a drug problem, the defendant responded, "Well, yes, I guess it could be considered a problem." He stated that he had been addicted to heroin within the last two years, and had used heroin on a regular basis within the last year. In response to a leading question as to whether it "isn't * * * a fact" that the "root" of his

problem with the law "stems from the fact" that the defendant was a heroin addict, the defendant responded, "somewhat, yes." He said that he had been introduced to heroin while in the National Guard. He stated that, after he returned from active duty, he didn't make heroin an "everyday thing," but used it on weekends. He stated that he had used "acid" and "pot," but it didn't have the effect upon him that heroin did. He said that he eventually got "strung out" on heroin. In response to a question from his counsel as to what the defendant's plans would be if he were released, the defendant mentioned nothing about seeking treatment for a drug problem, but merely stated that he would like to get a job and support his family.

The defendant's counsel argued that the defendant "was clearly a heroin addict," and that "some period of closely supervised probation with treatment for drug addiction" was in the best interest of both the defendant and society. However, the defendant did not, at any point in the proceedings, file a petition for treatment as an addict under the Dangerous Drug Abuse Act.

In imposing sentence, the court stated that it had "gone over the presentence report a couple of times," heard the testimony, and believed that the defendant "needs help." The court indicated that probation would not be a viable alternative, since the defendant "hadn't been able to complete probation yet," and that he could "get some very good help in the custody of the Department of Corrections."

Section 9 of the Dangerous Drug Abuse Act provides that "[i]f a court has reason to believe that an individual charged with a crime is an addict or the individual states that he is an addict" and the court finds he is eligible to elect treatment under the Dangerous Drug Abuse Act, then "the court may advise him that the prosecution of the charge may be continued if he elects to submit to treatment and is accepted for treatment" by the Department of Mental Health and Developmental Disabilities. In the event of such an election, the court "shall order the Department to conduct an examination of the individual to determine whether he is an addict and is likely to be rehabilitated through treatment." Ill. Rev. Stat. 1975, ch. 91½, par. 120.9.

■■ It has been established in a number of cases that, although the Dangerous Drug Abuse Act vests discretion in the trial court as to whether or not to offer a defendant an opportunity to be sentenced under the provisions of the Act, the record must show that the trial court has, in fact, exercised its discretion where the defendant is eligible for treatment under the Act, and the court "has reason to believe" that the defendant is an addict. (*E.g., People v. Dill* (1974), 23 Ill. App. 3d 503; *People v. Robinson* (1973), 12 Ill. App. 3d 291.) The defendant contends that since the record in this case "discloses not the slightest consideration, or even

mention, of the Dangerous Drug Abuse Act," he is entitled to have his case remanded for a new sentencing hearing.

■■ The defendant's contention is without merit. The court need not exercise its discretion where the defendant is not eligible for treatment under the Act. Section 8 of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1975, ch. 91½, par. 120.8) provides that an addict who is on probation or parole is ineligible for treatment if "the appropriate parole or probation authority does not consent to that election" under the Act. In *People v. Phillips* (1977), 66 Ill. 2d 412, the court held that the consent required before an addicted defendant on probation may elect treatment in lieu of prosecution, is the consent of his probation officer, that such consent "must affirmatively be shown," and that "failure to obtain the proper consent prohibits the court from placing him in the Act's treatment program." (66 Ill. 2d 412, 416.) Thus, the defendant was ineligible for treatment since he made no showing that his Boone County probation officer consented to his election under the Act.

■■ Further, even if the defendant were eligible, the trial court was not, on this record, under any mandate to exercise its discretion under the Act, since the court could have found that it did not have "reason to believe" that the defendant was an addict. Although the defendant's counsel argued that the defendant was an addict, no such definitive statement was made by the defendant. While the defendant responded in the affirmative to a question as to whether he had used heroin on a regular basis for the last year, this answer was belied not only by the fact that the defendant had indicated to the probation officer who prepared the presentence report that he had not used heroin since December 22, 1974, but also by the fact that the defendant resided in the Winnebago County Jail for four months, prior to sentencing, presumably cut off from any supply of heroin or any other unlawful drugs, without any apparent difficulty. When these facts are coupled with the defendant's statement to the probation officer that he was "in good health and suffering from no physical disabilities," it becomes evident that the trial court did not have "reason to believe" that the defendant was an addict, and was therefore under no duty to exercise its discretion under the act. See *People v. Knowles* (1977), 48 Ill. App. 3d 296.

The judgment of the circuit court of Winnebago County is therefore affirmed.

Judgment affirmed.

SEIDENFELD and BOYLE, JJ., concur.