THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
THOMAS C. BOURNES, Defendant-Appellant.

Second District   No. 76-274

Opinion filed December 13, 1977.

Frank Wesolowski, Jr., Public Defender, of Wheaton (Robert Heise, Assistant Public Defender, of counsel), for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Robert J. Anderson, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

On November 12, 1975, as a result of plea negotiations in which the State's Attorney agreed to recommend 1-3 years in the Penitentiary, the defendant pled guilty to burglary of a motor vehicle in violation of section 19—1(a) of the Criminal Code. (Ill. Rev. Stat. 1973, ch. 38, par. 19—1(a)). The court heard the undisputed facts that the defendant was apprehended in the act of unbolting and displacing a citizen's band (C.B.) radio from a motor vehicle after forcibly entering it. The defendant waived a hearing in aggravation and mitigation but nonetheless the court ordered the same. On December 16, 1975, the court considered the presentence report, refused to follow the State's recommendation of 1-3 years, and sentenced the defendant to 6-18 years in the penitentiary.

Thereafter, the defendant filed a motion to withdraw his plea of guilty and vacate the judgment, as required by Supreme Court Rule 604(d) (Ill. Rev. Stat. 1973, ch. 110A, par. 604(d)), and later filed a separate motion in arrest of judgment. On March 17, 1976, a hearing was had on both of defendant's motions. In support of these motions the defendant argued that he was erroneously charged with burglary under section 19—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 19—1(a)) because the offense committed by him comprised only misdemeanor "tampering" in violation of section 4—102 of the Vehicle Code (Ill. Rev.

Stat. 1973, ch. 95½, par. 4—102(a)). Based on this major premise, the defendant further contended that the indictment filed against him was defective because it did not negate the exception in the burglary statute which excludes offenses described in section 4—102 of the Illinois Vehicle Code. Also based on his major premise, the defendant contended that, pursuant to Supreme Court Rule 402, the trial judge improperly admonished him concerning the provisions of the burglary statute rather than the tampering statute. In addition to the arguments referring to the appropriate offense, the defendant went on to contend that the trial court did not consider the applicability of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1975, ch. 91½, par. 120.1 *et seq.*). Finally, the defendant contended that the sentence imposed by the trial court was excessive. The trial court heard and weighed the arguments of counsel and denied both motions of the defendant. The defendant appeals, raising these same issues for our consideration.

We turn to the initial arguments of the defendant concerning the appropriateness of the charges against him and the allegedly erroneous consequences thereof. The heart of the defendant's position is that the acts committed by him constituted the offense of "tampering" rather than burglary. The statutes cited by the defendant read, in pertinent part, as follows:

> "A person commits burglary when without authority he knowingly enters * * * a * * * motor vehicle as defined in The Illinois Vehicle Code * * * or any part thereof, with intent to commit therein a felony or theft. This offense shall not include the offenses set out in Section 4—102 of the Illinois Vehicle Code." Ill. Rev. Stat. 1973, ch. 38, par. 19—1(a).

> "It is a violation of this Chapter for: (a) A person, without authority to do so, to damage a vehicle or to damage or remove any part or component of a vehicle." Ill. Rev. Stat. 1973, ch. 95½, par. 4—102(a).

> "It is a violation of this Chapter for * * * (b) A person, without authority to do so, to tamper with a vehicle or go in it, on it, or work or attempt to work any of its parts or components, or set or attempt to set it in motion." Ill. Rev. Stat. 1973, ch. 95½, par. 4—102(b).

In essence, defendant advances the proposition that his acts on the night of July 25, 1975, constituted the removal of a "part" of a vehicle. He places great weight on three alternative arguments in this regard. First, he argues that a C.B. radio becomes a "part" of a motor vehicle through the doctrine of accession. Second, he maintains that a definition of the term "part" includes "a fragment" and not solely a "substantive member" of the whole and that a C.B. radio is just such a fragment of a motor vehicle.

Third, he contends that the definition of a "component part" in section 4—100 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 4—100) includes items with identification numbers, and the C.B. radio in question is presumed to have such an identification number making it a "part." Based on his construction of the statutes cited above, the defendant contends that the indictment and the trial court's admonishment to him under Supreme Court Rule 402(a) are reversibly erroneous.

To settle what is essentially a question of statutory interpretation in a case of first impression we have carefully examined the briefs and arguments of the parties and those statutes raised by the defendant, as well as other related statutes.

■■ The principles of statutory construction have long been applied by the courts of this State. It is a judicial function to determine and follow the intention of legislative acts. (*Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 262 N.E.2d 450.) In ascertaining the legislature's intention, the entire statute must be considered, as well as the evil to be remedied and the object to be attained. (*People v. Bratcher* (1976), 63 Ill. 2d 534, 349 N.E.2d 31.) The consequences resulting from various constructions of an act must also be taken into consideration. (*People ex rel. Holland v. Edelman* (1975), 27 Ill. App. 3d 793, 327 N.E.2d 338.) It is to be presumed that the legislature in passing legislation did not intend absurdity, inconvenience or injustice. (*Illinois Crime Investigating Com. v. Buccieri* (1967), 36 Ill. 2d 556, 224 N.E.2d 236, *cert. denied* (1967), 389 U.S. 848, 19 L. Ed. 2d 117, 88 S. Ct. 74.) Therefore, where several constructions may be placed upon a statute, the court should select that which leads to a logical result and avoid those which would be absurd. *Board of Education v. Community High School District Number 211* (1967), 89 Ill. App. 2d 481, 232 N.E.2d 316.

■■ In the instant case the defendant contends that entry into a motor vehicle to commit the theft of a C.B. radio which is attached to or built into the vehicle constitutes the misdemeanor offense of "tampering" while entry into the same vehicle to commit the theft of the same C.B. radio lying unattached on the front seat is the offense of burglary. We find that this construction of the statutes at hand is absurd on its face and would be manifestly unjust. A clear examination of the statutory scheme enacted by the legislature yields quite a different result. The locus of such an examination is the proper construction of the word "remove" as it appears in section 4—102(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 4—102(a)).

■■ We take note of the fact that "remove" is defined in section 4—100 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 4—100) as: "To remove, deface, cover or destroy." While this definition is appropriate and necessary for many of the provisions of section 4—101 *et*

*seq.* of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 4—101 *et seq.*), we feel that in the context of this case, and specifically in relation to the provisions of section 4—102(a), such a definition is ambiguous and inappropriate. As a consequence, we hold that "remove" for the purpose of section 4—102(a) means to take or move a part or component from its proper place in relation to a motor vehicle without damage to either, and without intent to commit a theft within the meaning of section 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 16—1). We further hold that the clear legislative intent of section 4—102(a) is to prevent or punish the commission of malicious mischief upon a motor vehicle. Since such malicious mischief may be performed by the damaging of a vehicle or its parts, or by the complete or partial disassembly of a vehicle without "damage" *per se,* the inclusion of the term "remove" as we have defined it is a necessary element of this preventive and/or punitive provision. We also note that our definition of the term "remove" in the context of section 4—102(a) does not conflict with, or render ambiguous other uses of the term "remove" within the Illinois Vehicle Code.

The holdings above regarding the proper construction of section 4—102(a) make the defendant's arguments concerning the construction of the word "part" inappropriate and unnecessary to the determination of this case. Furthermore, such a construction of the term "remove" leads to a logical and comprehensive statutory scheme concerning motor vehicles and avoids the absurd. As an example of the internal logic of this scheme as it exists with our construction, we note that section 19—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 19—1(a)) is aimed at preventing the unauthorized entry into and theft from or commission of a felony in, a motor vehicle. Section 21—2 of the Criminal Code of 1961 prevents the mere unauthorized entry into a vehicle. Section 4—102(a) of the Illinois Vehicle Code prevents the malicious damage or disassembly of a vehicle. Section 4—102(b) prevents the unauthorized entry into a vehicle linked with the unauthorized working of the controls therein. Each of these statutes deals with a specific and uniquely identifiable evil and attempts to provide an appropriate remedy for each. Thus, we have a comprehensive and enlightened legislative scheme rather than a conflicting, absurd and unjust scheme which would be the logical result of the defendant's proposed statutory construction.

■■ We therefore specifically hold that since the defendant admitted at trial, and in his argument before this court, that he entered the vehicle in question with the intent to commit the theft of an object therein, he was committing the offense of burglary and not "tampering." Thus, we further hold that the indictment and the admonishment were proper and without error.

■■ ■ We turn next to the contention of the defendant that he is entitled to a new sentencing hearing because the court failed to properly consider the application of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1975, ch. 91½, par. 120.1 *et seq.*) at the original hearing on December 16, 1975. The record reveals that no discussion was had by the court at that time as to the applicability or eligibility of the defendant for consideration under the Dangerous Drug Abuse Act. However, on that date the defendant was in fact ineligible for treatment under that Act as armed robbery proceedings were then pending against him in Cook County. Section 8 of the Act (Ill. Rev. Stat. 1975, ch. 91½, par. 120.8) specifically provides that:

> "An addict charged with or convicted of a crime is eligible to elect treatment under the supervision of the Department instead of prosecution or probation, as the case may be, unless * * * (d) other criminal proceedings alleging commission of a felony are pending against the addict * * *."

The fact that this statutory provision bars any treatment under the Act in cases such as this was clearly recognized in *People v. Schoeneck* (1976), 42 Ill. App. 3d 711, 356 N.E.2d 417. Prior to the March 17, 1976, hearing on defendant's post-trial motions defendant was found not guilty on the armed robbery charge. We thus have the unusual situation before us in which the defendant was not eligible for treatment under the Act at the time of his plea of guilty or at the time of sentencing but was eligible at the time of the hearing on his post-trial motions. This court previously considered whether a defendant who was in fact ineligible for treatment under the Act at the time sentence was imposed must be given a new sentencing hearing because the court failed to mention or consider treatment under the Act. As we stated in *People v. Morgan* (1977), 50 Ill. App. 3d 962, 965, 365 N.E.2d 1362, 1364:

> "The court need not exercise its discretion where the defendant is not eligible for treatment under the Act."

However, the question then becomes whether the court must exercise his discretion as to offering such treatment when defendant does become eligible at sometime after his plea of guilty and his sentencing. That is not a valid contention under the facts herein. At the March 17, 1976, hearing on defendant's post-trial motions the trial judge stated that he did not consider the Act at the time he imposed the original sentence. However, the court then went on to consider the Act and exercise his discretion and denied defendant treatment under the Act. In particular, the court stated:

> "However, I have now considered such and it is my feeling now, exercising my discretion, because right now if I wished I could vacate the sentence and let him apply for a drug abuse program,

but it is my feeling in exercising my discretion, this man is not the type of person who should be put in the Drug Abuse Act program.

Therefore, I am exercising my discretion and denying the motion to vacate his plea and I am denying a motion to vacate his sentence."

Both at the original sentencing hearing and at the hearing on the post-trial motions the court reviewed defendant's criminal record. He was convicted of criminal trespass to a vehicle in 1966 and convicted of theft in 1968. Both of these convictions were on reduced charges and both occurred prior to his alleged heroin addiction which, according to the record herein, occurred in 1969. Thereafter, defendant was convicted of unlawful use of a weapon and theft over $150. On all four previous occasions defendant had been placed on probation except once when he served 30 days in the House of Corrections. At the hearing on defendant's post-trial motions the court rather succinctly observed:

"The fact that we are here today indicates that the probation or the four probations were rather useless."

Thereafter, the judge stated his conclusion that he did not believe defendant was the type of person who should be put in a drug abuse program. As the supreme court stated in *People v. Warren* (1977), 69 Ill. 2d 620, 625, 373 N.E.2d 10, 12:

"Our appellate court decisions emphasize and the parties agree that the grant or denial of treatment under this act is controlled by the sound discretion of the trial court."

We find that the record indicates that the trial court gave due and sufficient consideration to the question of whether the defendant should receive treatment under the Act and find no abuse of discretion in his denial of the same.

■■ Thereafter, on March 24, 1976, the trial judge filed a memorandum in which he stated that the defendant's motion to vacate his sentence was being denied because the pending felony proceeding made him ineligible for treatment under the Act at the time sentence was imposed. Defendant now contends that, in essence, by filing this memorandum the trial judge had changed the basis for his decision to deny defendant treatment under the Act and that this was error. We do not agree. As we have previously stated, the defendant was ineligible for treatment under the Act and there was no reason whatsoever to exercise any discretion in this regard. Nonetheless, the trial court, on March 17, 1976, fully considered the matter and did exercise his discretion in relation to a drug treatment program. Defendant would have us remand this case for a second exercise of that discretion even though he was not even entitled to the first exercise thereof. Defendant has already received more

than he was entitled to under the law, and we can see no reason to extend this matter any further. The error, if any, in the action of the trial court is not such as to require a reversal on this issue.

■■ Lastly, the defendant contends that the sentence imposed is excessive. It has been repeatedly stated by the supreme court that the trial court is in a far better position to determine the severity of the sentence to be imposed upon a defendant than is the court of appeal. (See *e.g.,* *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) As pointed out above, the defendant had four prior convictions, two of which occurred prior to his addiction to heroin and two of which occurred thereafter and, in all instances, he was given probation. The time for probation must come to an end at some point. With four convictions, some of which were on reduced charges, the fifth conviction herein would appear to more than justify the sentence of 6-18 years and we find nothing to indicate the trial judge abused his discretion in imposing the same. The judgment of the trial court is affirmed.

Affirmed.

RECHENMACHER, P. J., and BOYLE, J., concur.