THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* LARRY E. JOYNER *et al.*, Defendants-Appellees.

Second District   No. 76-557

Opinion filed February 28, 1978.

William J. Cowlin, State's Attorney, of Woodstock (Haskell M. Pitluck, Assistant State's Attorney, and Phyllis J. Perko and Robert J. Anderson, both of Illinois State's Attorneys Association, of counsel), for the People.

Karlen Robert Covey, of Covey, McKenney & Powers, of Crystal Lake, for appellees.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:
Defendants were charged with three counts of burglary and three counts of theft in a six-count information. Both defendants filed motions to dismiss the burglary counts in the trial court and these motions were granted. The State appeals pursuant to Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1)).

Section 4—102 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 4—102) provides, as pertinent to this appeal:

"It is a violation of this Chapter for:

(a) A person, without authority to do so, to damage a vehicle or to damage or remove any part or component of a vehicle; * * *."

Section 19—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 19—1(a)) provides, as pertinent to this appeal:

"A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined in The Illinois Vehicle Code, railroad car, or any part thereof, with intent to commit therein a felony or theft. *This offense shall not include the offenses set out in Section 4—102 of The Illinois Vehicle Code.*" (Emphasis added.)

Both defendants were charged in the information with three counts of burglary "in that they did without authority knowingly enter a motor vehicle * * * with intent to commit a theft" by entering a motor vehicle

and taking, on three separate occasions, a citizen's band radio. In the trial court defendants individually presented motions to strike alleging that counts I, III, and V of the information (the burglary counts) should be stricken on the basis that the offenses with which defendants were charged fell under the provisions of section 4—102(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 4—102(a)) as set forth above and thus were, in accordance with the language of section 19—1(a) of the Criminal Code of 1961 "not included" within the reach of that statute. It was argued, as to each count of burglary, that the citizen's band radio taken must be construed to be a "part or component" of the vehicles in question, within section 4—102(a) of the Illinois Vehicle Code, although some of them were not factory-installed, because to do otherwise would result in a violation of due process and equal protection in that the taking of one type of citizen's band radio (factory-installed) would not be an offense under section 19—1(a) of the Criminal Code of 1961, while the taking of another type of citizen's band radio (after-acquired) would be such an offense.

After hearing arguments of the parties the trial court, in a written order, concluded:

"1. That Counts I, III and V charging Burglary against these defendants, purport to be brought under Section 19—1(a), Chapter 38, Illinois Revised Statutes, and charge the theft of certain citizen band radios from three motor vehicles.

2. That Section 19—1(a), Chapter 38, Illinois Revised Statutes, provides that, 'This offense shall not include the offenses set out in Section 4—102 of The Illinois Vehicle Code.'

3. That the aforesaid legislation and certain other provisions of Section 4—102 of the Illinois Motor Vehicle Code supplementing the above mentioned quoted portion, in substance, make it a misdemeanor to damage or take a component part of a motor vehicle.

4. That any citizen band radio attached to an automobile whether originally at time of purchase of car, or subsequently installed, necessarily has to be treated as a 'component part,' and the offense of taking one, a theft and/or criminal trespass to a motor vehicle.

5. That it would be a violation of due process and equal protection under the laws of Illinois and the United States to charge one with the crime of burglary for taking a citizen band radio out of a car merely because that radio did not come with the car at the time of original purchase and to make it a misdemeanor to remove a citizen band radio from a vehicle where the radio was installed at the time of original purchase."

In seeking reversal of the trial court's determination the State argues

that the word "include" as it exists in section 19—1(a) of the Criminal Code of 1961 has the meaning that the offenses described in section 4—102 of the Illinois Vehicle Code are not to be "included offenses" of section 19—1 of the Criminal Code of 1961. So construed, it is argued that there is no question of an equal protection violation because where conduct is in violation of more than one statute the defendant may be prosecuted for the greater, if each statute requires different proof for conviction or provides for different defenses.

Defendant Joyner alone has filed a responsive brief to the State's brief in this case. Defendant argues that the trial court decision was well-founded, pointing out that the statutory definition of "includes" in section 2—10 of the Criminal Code of 1961 indicates that the burglary statute intended to exclude application to section 4—102 of the Illinois Vehicle Code offenses. Defendant also points out that the "included offense" argument of the State is raised for the first time on appeal and should not be considered by this court.

Defendant Joyner brings to the court's attention the definition of "includes" in section 2—10 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 2—10). This definition reads as follows:

> " 'Includes' or 'including' means comprehending among other particulars, without limiting the generality of the foregoing word or phrase."

While defendant argues that this definition supports the conclusion that the language of section 19—1(a) of the Criminal Code of 1961 intended to exclude application to circumstances described in section 4—102 of the Illinois Vehicle Code, we find that the definition is of no help in determining the meaning of section 19—1 of the Criminal Code in application to this case.

■■ A question concerning the interrelationship between the provisions of section 19—1(a) of the Criminal Code of 1961 and section 4—102(a) of the Illinois Vehicle Code was discussed recently by this court in *People v. Bournes* (1977), 55 Ill. App. 3d 237. This court in *Bournes* was confronted with an argument made by the defendant that the theft of a citizen's band radio, with which he was charged, was "tampering" within the meaning of section 4—102(a) of the Illinois Vehicle Code and thus could not be the basis of a charge under section 19—1(a) of the Criminal Code of 1961 because that statute indicated that it intended to exclude from its reach any "offenses set out in section 4—102 of The Illinois Vehicle Code." (Ill. Rev. Stat. 1975, ch. 38, par. 19—1(a).) In *Bournes* this court concluded that section 4—102(a) of the Illinois Vehicle Code was intended "to prevent or punish the commission of malicious mischief upon a motor vehicle * * *," while section 19—1(a) of the Criminal Code of 1961 was "aimed at preventing the unauthorized entry into and theft

[with requisite intent to commit a theft] from or commission of a felony in, a motor vehicle." (55 Ill. App. 3d 237, 241.) The statement in section 19—1(a) above that the crime of burglary "*shall not include* the offenses set out in section 4—102 of The Illinois Vehicle Code" (emphasis added) thus necessarily is a statement of legislative intent that section 19—1(a) of the Criminal Code of 1961 and section 4—102(a) of the Illinois Vehicle Code describe different offenses. Finding the *Bournes* analysis conclusive we do not reach the argument of the State that the statutory language indicates that offenses under section 4—102 (above) are not "included" offenses of section 19—1(a) of the Criminal Code of 1961.

The parties in this case are in agreement that where conduct is in violation of more than one statute defendant may be prosecuted for the greater offense if the statutes require different proof for conviction or provide for different defenses. See *People v. Gordon* (1976), 64 Ill. 2d 166, 170, as cited by the State and acknowledged by defendant. Defendants were charged with the greater offense in this case and the acknowledged rule indicates that they were lawfully charged.

■■ The equal protection argument which defendants raise is without merit. The question of whether section 4—102(a) of the Illinois Vehicle Code encompasses the offense of damaging or removing *only* factory-installed citizens band radios does not arise in this case in view of the fact that prosecution under section 19—1(a) of the Criminal Code of 1961 was appropriate. The equal protection considerations raised would not apply to charges, brought under section 19—1(a) above, because the fact that an offense may also fall under the language of section 4—102(a) of the Illinois Vehicle Code does not exclude prosecution under section 19—1(a) above. (*People v. Gordon* (1976), 64 Ill. 2d 166, 170.) Moreover, defendant's construction of section 4—102(a) above was rejected in *People v. Bournes* (1977), 55 Ill. App. 3d 237.

■■ Defendant Joyner argues that the State should be prevented from raising, on appeal, certain arguments pertaining to statutory construction for the reason that these arguments were not raised in the trial court. In *People v. McAdrian* (1972), 52 Ill. 2d 250, the Illinois Supreme Court did prevent the State from raising, on appeal, an issue which it failed to raise in the trial court, but only where the failure to raise the issue in the trial court resulted in an inadequate appellate factual record to consider the contention sought to be raised. In *People v. Smith* (1976), 42 Ill. App. 3d 731, the court noted that where the trial court applied the wrong statute it committed a plain error which would be noted by the appellate court on appeal, despite the fact that the error was not noted in the trial court. In conjunction with the foregoing discussion, it is noteworthy that the Supreme Court Rule 615(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(a)) provides in pertinent part that "[p]lain errors or defects affecting

substantial rights may be noticed although they were not brought to the attention of the trial court." What is involved in this case is a question of statutory interpretation. In our view the appellate court is entitled to consider any relevant positions which are raised at any time if such may pertain to proper construction of statutes under consideration. Defendant's contention as to waiver thus fails.

The judgment of the circuit court of McHenry County is reversed with direction that the trial court permit reinstatement of the three burglary counts against these defendants.

Reversed and remanded with directions.

NASH and WOODWARD, JJ., concur.