THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* CHRISTOPHER LANPHER, Defendant-Appellee.

Third District   No. 77-478

Opinion filed May 12, 1978.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and Linda M. Vodar, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

John E. Carlson, of Peoria, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

By indictment the defendant, Christopher Lanpher, was charged with six separate counts of burglary in that he knowingly and without authority entered certain motor vehicles with the intent to commit a theft. (Ill. Rev. Stat. 1975, ch. 38, par. 19—1(a).) The parties stipulated that all items allegedly taken were either citizens band radios or stereo tape players and all were affixed to the interior of the motor vehicles by bolts. Defendant moved to dismiss the indictments arguing that the removal of a part or component of a vehicle could be prosecuted only as a misdemeanor under section 4—102 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 4—102), and not as a felony under the Criminal Code's burglary statute. The Circuit Court of Peoria County agreed with defendant and dismissed the indictments. The State appeals pursuant to Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1)). We reverse.

The pertinent provisions of the relevant statutes provide as follows:

"§19—1. Burglary

(a) A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined in The Illinois Vehicle Code, railroad car, or any part thereof, with intent to commit therein a felony or theft. *This offense shall not include the offenses set out in Section 4—102 of the Illinois Vehicle Code.*" (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 38, par. 19—1(a).)

"§4—102. Offenses relating to motor vehicles and other vehicles— Misdemeanors

It is a violation of this Chapter for:

(a) A person, without authority to do so, to damage a vehicle or to damage or remove any part or component of a vehicle; * * *." (Ill. Rev. Stat. 1975, ch. 95½, par. 4—102(a).)

The essential question presented for review is whether these two statutes read together preclude a defendant from being charged with burglary for the act of removing CB radios and tape players which are attached to motor vehicles.

This precise question was very recently addressed by the Second District Appellate Court in *People v. Joyner* (2d Dist. 1978), 57 Ill. App. 3d 948, 373 N.E.2d 778. In that case the defendants were charged with burglary for the act of entering motor vehicles and removing CB radios. The charges were dismissed by the trial court on the basis of the same argument raised by defendant in the present case. The appellate court, relying on its earlier decision, *People v. Bournes* (2d Dist. 1977), 55 Ill.

App. 3d 237, 370 N.E.2d 1230, reversed the trial court and ruled that the State was not precluded from charging a defendant with burglary for the removal of radios or tape players which are attached to motor vehicles. In *Bournes* the defendant plead guilty to burglary after being apprehended in the act of unbolting and displacing a citizen's band radio from a motor vehicle which he had forcibly entered. On appeal, the defendant argued that he had been improperly charged with burglary in that the act committed by him constituted the offense of "tampering" under section 4—102 of the Vehicle Code and not the offense of burglary. To decide the question before it, the *Bournes* court looked to the intent of the legislature in enacting section 4—102 and concluded that the purpose of that statute is to prevent or punish the commission of malicious mischief upon a motor vehicle. More specifically, the court went on to state:

> "As a consequence, we hold that 'remove' for the purpose of section 4—102(a) means to take or move a part or component from its proper place in relation to a motor vehicle without damage to either, and *without intent to commit a theft* within the meaning of section 16—1 * * *." (Emphasis added.) (55 Ill. App. 3d 237, 241, 370 N.E.2d 1230, 1233.)

This determination that section 4—102(a) was intended to punish persons who moved or removed parts of vehicles without the intent to commit a theft alleviated any conflict between that statute and the burglary statute under which intent to commit a theft is an essential element. Noting that defendant Bournes admitted entering the vehicles with intent to commit a theft, the court ruled that he was properly indicted and convicted for the offense of burglary.

We agree with the interpretation placed upon section 4—102(a) by the Second District Court in *Bournes* and reaffirmed in *Joyner*. Acceptance of the argument posited by defendant would lead to the absurd result that a person could be charged with the felony of burglary for taking a CB radio lying on the seat of an auto, but only with a misdemeanor for taking the same radio after it was attached to the auto. We must presume that the legislature intended no such absurdity. (*Illinois Crime Investigating Com. v. Buccieri* (1967), 36 Ill. 2d 556, 224 N.E.2d 236.) Moreover, the *Bournes* court's interpretation of section 4—102(a) establishes a logical and consistent relationship between that statute and the burglary statute. The burglary statute is intended to punish those persons who enter vehicles with the intent to commit theft. Section 4—102 is intended to punish those persons who enter a vehicle with the intent to do malicious mischief.

> "Each of these statutes deals with a specific and uniquely identifiable evil and attempts to provide an appropriate remedy for each. Thus, we have a comprehensive and enlightened

legislative scheme rather than a conflicting, absurd and unjust scheme which would be the logical result of the defendant's proposed statutory construction." 55 Ill. App. 3d 237, 241, 370 N.E.2d 1230, 1233.

The indictments in this case specifically alleged that defendant entered the motor vehicles with the intent to commit a theft. Therefore, the charges of burglary were proper and should not have been dismissed. The judgment of the Circuit Court of Peoria County is reversed.

Reversed and remanded.

BARRY, P. J., and SCOTT, J., concur.