THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* TIMOTHY HUXTABLE, Defendant-Appellee.

Third District   No. 77-357

Opinion filed May 23, 1978.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and Linda M. Vodar, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

James D. Reynolds, of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of Peoria County which dismissed six indictments which charged Timothy Huxtable with six separate counts of burglary. The State and the defendant stipulated that all the items taken were either citizens band radios or stereo tape players and all were affixed to the interior of motor vehicles by bolts. The indictments returned against the defendant charged that he knowingly entered certain motor vehicles with intent to commit a theft in violation of section 19—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 19—1(a)). It was the defendant's contention that the removal of a part or component of a vehicle could be prosecuted only as a misdemeanor under section 4—102 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 4—102). As we have stated, the trial court agreed with the contention of the defendant and the State prosecutes this appeal.

It should be noted that this appeal is identical in all respects with the case of *People v. Lanpher* (3d Dist. 1978), 59 Ill. App. 3d 825, 376 N.E.2d 433, and which was decided by this court in an opinion filed May 12, 1978.

In light of the fact that the instant case is identical in all respects with the case of *Lanpher* there is no merit in a lengthy recitation of the facts and the application of the law thereto. As in *Lanpher* the precise issue raised for review is whether the statute relied upon by the State (Ill. Rev. Stat. 1975, ch. 38, par. 19—1(a)) and the statute relied upon by the defendant (Ill. Rev. Stat. 1975, ch. 95½, par. 4—102) when read together preclude a defendant from being charged with burglary for the act of removing C.B. radios and tape players which are attached to motor vehicles. We held in the case of *Lanpher* that the State was not so precluded. In reaching this conclusion this court relied on the reasoning contained in the case of *People v. Joyner* (2d Dist. 1978), 57 Ill. App. 3d 948, 373 N.E.2d 778, and *People v. Bournes* (2d Dist. 1977), 55 Ill. App. 3d 237, 370 N.E.2d 1230. We adopt the reasoning contained in the case of *Lanpher* as being determinative of the identical issue presented in this appeal.

For the reasons set forth the judgment of the circuit court of Peoria County is reversed.

Reversed and remanded.

BARRY, P. J., and STENGEL, J., concur.