THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
SCOTT ALLEN BERRY, Defendant-Appellant.

Second District No. 82—679

Opinion filed October 24, 1983.

Robert Slattery, of Freeport, for appellant.

Charles R. Hartman, State's Attorney, of Freeport (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE VAN DEUSEN delivered the opinion of the court:
Defendant, Scott Allen Berry, appeals his conviction for unlawful

possession of cannabis from 2.5 grams to 10 grams (Ill. Rev. Stat. 1981, ch. 56½, par. 704(b)) and also the trial court's refusal to consider defendant for treatment under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1981, ch. 91½, par. 120.1 *et seq.*). On this appeal, the State confesses error on the cannabis conviction and concedes that it failed to prove beyond a reasonable doubt that the substance found in defendant's possession was cannabis. We are satisfied that the State is correct in its concession and therefore that conviction is vacated. (See *People v. Park* (1978), 72 Ill. 2d 203.) The only controverted issue remaining is whether the trial court properly declined to consider, as an alternative to sentencing defendant by the usual sentencing procedures, a disposition under the Dangerous Drug Abuse Act (hereinafter referred to as the Act).

Defendant's initial contention is that he was eligible for treatment under the Act but the trial judge failed to acknowledge his eligibility. Further, defendant asserts that even if the trial court did recognize his eligibility, there is insufficient evidence on the record to prove that the Act's drug program was seriously considered as an alternative to ordinary criminal sanctions.

■ A candidate's eligibility for treatment under the Act is governed by section 8 (Ill. Rev. Stat. 1981, ch. 91½, par. 120.8). Freedom from the disqualifications of this provision is a necessary prerequisite to judicial consideration of the Act as a possible disposition for a particular defendant. (*People v. Phillips* (1977), 66 Ill. 2d 412, 418; *People v. Blair* (1981), 102 Ill. App. 3d 1018, 1024-25; *People v. Young* (1977), 56 Ill. App. 3d 106, 109.) In the immediate case, the State argues specifically that defendant Berry did not comply with section 8(e), which disqualifies a candidate who is currently on probation and does not have the consent of his probation authorities for treatment under the Act. At the time of his sentencing, defendant Berry was serving probation on 10 respective counts of burglary in two counties. The trial court record reveals that, in response to a direct inquiry by the trial judge, defendant's counsel admitted to not having procured the necessary consent of the proper probation officers.

■ Relying upon section 10 of the Act (Ill. Rev. Stat. 1981, ch. 91½, par. 120.10), which addresses application of the Act to convicted criminal defendants, defendant Berry argues that he need not show himself qualified for probation before the court considers an alternative disposition under the Act. (See *People v. Robinson* (1973), 12 Ill. App. 3d 291.) While defendant may in fact be correct in his assertion, it is immaterial to the issue in controversy. Section 10 is expressly

triggered only when the prerequisites of section 8 have been satisfied. Whether defendant is qualified for the probationary status which accompanies treatment under section 10 of the Act is a separate inquiry which we need not reach. The clear import of section 10 is that even convicted candidates must first liberate themselves from the disqualifications of section 8. Since defendant Berry was currently on probation at the time of his sentencing, he fell within the purview of section 8(e), and the consent of his existing probation authorities was necessary. His eligibility for *future* probationary status under section 10 is a subsequent inquiry which need not be addressed since defendant did not satisfy section 8.

 As a practical matter, the issue in chief is limited to whether the defendant or the State had the burden of proof on section 8(e). In the Illinois Supreme Court case of *People v. Phillips* (1977), 66 Ill. 2d 412, 414, the court enunciated the rule that if the defendant was a probationer, he must affirmatively show his probation officers have consented to his treatment under the Act. A number of subsequent appellate court cases have more emphatically stated the *Phillips* rule, placing the burden of proof on the defendant to affirmatively show the consent of his probation officers. (*People v. Blair* (1981), 102 Ill. App. 3d 1018, 1025; *People v. York* (1980), 87 Ill. App. 3d 1026, 1031-32; *People v. Young* (1977), 56 Ill. App. 3d 106, 109; *People v. Morgan* (1977), 50 Ill. App. 3d 962, 963-64; *People v. Ward* (1977), 55 Ill. App. 3d 878, 882.) In rebuttal, the defendant suggests that the *Phillips* rule can be narrowed to situations where the Act candidate is not yet a *convicted* defendant. (See *People v. Ruffin* (1977), 46 Ill. App. 3d 448.) However, there is little support for this view, and we believe it unnecessarily restricts the broad language in *Phillips* and its progeny. See *People v. York* (1980), 87 Ill. App. 3d 1026, 1030-32; *People v. Young* (1977), 56 Ill. App. 3d 106, 109-10.

Since the defendant in the present case admitted to not having procured the consent of the necessary authorities, he was ineligible for consideration as a candidate under the Act.

 Because defendant was deemed ineligible for treatment under the Act, it necessarily follows that the trial court properly refused to exercise its discretion regarding the Act as an alternative disposition for defendant. Obviously, it is unnecessary for a court to consider whether a defendant should be sentenced according to standard proceedings or admitted to the Dangerous Drug Abuse Act program if that defendant is ineligible for the latter option. Indeed, it has specifically been held that a court is prohibited from making such a discretionary determination in a case where defendant has failed to qualify

for the Act under section 8(e). (*People v. Young* (1977), 56 Ill. App. 3d 106, 109; *People v. Morgan* (1977), 50 Ill. App. 3d 962, 964-65.) The trial court was correct in not considering defendant for the Act alternative and properly sentenced him under normal sentencing procedures.

Defendant's conviction and sentence for unlawful possession of cannabis from 2.5 to 10 grams is reversed. His convictions and sentences for residential burglary and theft are affirmed.

Affirmed in part, reversed in part.

LINDBERG and REINHARD, JJ., concur.