THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROY L. TURNER, Defendant-Appellant.

Third District   No. 3—84—0553

Opinion filed March 27, 1985.

Robert Agostinelli and Thomas A. Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Roy L. Turner, was convicted of the offense of burglary following a bench trial. The trial court sentenced the defendant to a three-year term of imprisonment. On appeal, the defendant challenges only his sentence.

■ The defendant raises two issues in connection with the Dangerous Drug Abuse Act (hereinafter the Act) (Ill. Rev. Stat. 1983, ch. 91½, par. 120.1 *et seq.*). He argues first that the trial court erred in failing to advise him of his eligibility for treatment under the Act. Section 10 of the Act (Ill. Rev. Stat. 1983, ch. 91½, par. 120.10) requires a trial judge to inform every defendant whom the judge knows or has reason to believe is an addict of the possibility of treatment under the Act. *People v. Richardson* (1984), 104 Ill. 2d 8, 470 N.E.2d 1024.

In the instant cause, the trial court was aware of the defendant's abuse of alcohol. The trial court was required to inform the defendant under section 10. We find, however, that the trial court's failure to so inform the defendant was harmless error.

The defendant's sentencing hearing was originally set for July 27, 1984. During the proceedings on that date, trial counsel for the defendant requested a continuance. One of the grounds for the request was that counsel was attempting to obtain the consent of the Prison Review Board to have the defendant sentenced under the Act. Counsel had already gained the consent to treatment under the Act from the defendant's probation officer. The continuance was granted. The defendant was subsequently sentenced on August 17, 1984.

It is clear from the record that counsel for the defendant was aware of the defendant's eligibility for treatment under the Act prior

to the imposition of sentence. As the court stated in *Richardson,* the purpose of section 10 is informational. (104 Ill. 2d 8, 16, 470 N.E.2d 1024, 1028.) Where the defendant is clearly aware of his eligibility for treatment, and is in fact proceeding under the Act, it is not reversible error when the court fails to inform a defendant under section 10 of the Act.

■ The defendant's second argument on appeal is that the trial court erred in failing to consider treatment under the Act as a sentencing alternative. We find no error. It is well established that a defendant seeking to be sentenced under the Act must petition to elect treatment. *People v. Kuesis* (1980), 83 Ill. 2d 402, 415 N.E.2d 323.

In the instant cause, the defendant did not petition for treatment. Contrary to the defendant's assertion, the mere statement by counsel that he was seeking approval of the Prison Review Board and of his probation officer does not constitute a petition under the Act.

Similarly, the defendant did not affirmatively show that he was not disqualified under section 8 of the Act. (Ill. Rev. Stat. 1983, ch. 91½, par. 120.8.) Upon petitioning for treatment, defendant must affirmatively show that he is not disqualified under section 8 from eligibility for treatment. (*People v. Berry* (1983), 118 Ill. App. 3d 1024, 455 N.E.2d 868.) One of the grounds for disqualification under section 8(e) is that the defendant is on probation and the appropriate probation authority does not consent to the election. Thus, under *Berry* and the decisions cited therein, a defendant on probation seeking to be considered for treatment under the Act must show the consent of his probation officers. No such showing by the defendant is found in the record.

Therefore, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

HEIPLE, P.J., and SCOTT, J., concur.