THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TRACY DAVIS, Defendant-Appellant.

Third District   No. 75-108

Opinion filed October 8, 1976.

Robert Agostinelli and Verlin Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

C. Brett Bode, State's Attorney, of Pekin (James E. Hinterlong and Michael Weinstein, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

A Tazewell County grand jury returned two multicount indictments against Tracy Davis to which he originally entered pleas of not guilty. He appeals from his conviction of the offense of attempt burglary for which the circuit court sentenced him to a term of imprisonment of not less than 2 nor more than 10 years. Pursuant to plea negotiations on December 9, 1974, defendant withdrew his former pleas and pleaded guilty to attempt burglary. After all the proper and required admonishments were given to

the defendant, the trial court accepted his guilty plea and entered judgment of conviction thereon. Davis waived both a hearing in aggravation and mitigation and a presentence investigation. The sentence imposed was consistent with the recommendation of the State and in accordance with the plea agreement.

The one issue raised on appeal by defendant is whether the trial court had reason to believe that the defendant was a drug addict eligible for treatment under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1973, ch. 91½, pars. 120.8 and 120.10).

Davis claims several aspects of the record support his argument that the trial court had reason to believe he was an addict. Firstly he cites the fact that at the time of his guilty plea hearing another indictment was pending against him, several counts of which were drug related. Defendant contends that the count of one indictment charging him with unlawful possession of cannabis to which he was supposed to plead guilty pursuant to the plea bargain adequately supplied the trial judge with reason to believe he was a drug addict. At the guilty plea hearing defendant in open court protested to the accuracy of the prosecutor's factual basis on the unlawful possession of this cannabis charge. Confronted with defendant's desire to plead guilty but this protestation of innocence, the trial court granted a short recess. The State thereafter dismissed the unlawful-possession-of-cannabis charge, and ultimately all of the other counts of the two indictments were dismissed.

Secondly, defendant points to the factual basis for the charge of attempt burglary to which he pleaded guilty as giving the trial judge reason to believe he was a drug addict. In presenting the factual basis for the charge of attempt burglary the prosecutor summarized a statement given by defendant to the investigating police officers by reporting to the court that "he [Davis], and the others had been *'snorting'* close quote seconal; and that he [Davis] had shot up two or three grams of the white powder, *which I believe is an amphetamine.*" (Emphasis added.)

■■ Other drug-related counts do not serve as any valid basis for suspicion of drug addiction in this defendant. The return of an indictment is in no manner conclusive of a person's guilt but is merely an accusation which may or may not later be substantiated by proper evidence. Also in our view the unlawful-possession-of-cannabis count is not indicative of addiction or defendant's guilt. Confronted with defendant's open-court denial that he possessed any of the narcotics which the State alleged in presenting its factual basis to the charge, the trial judge had no reason to disbelieve defendant's claim of innocence or to believe that the State's allegations of his drug invovlement were true. Further, the hypothesis of the prosecuting attorney that the substance Davis admitted snorting and shooting up was an addictive drug is unsupported by the record.

In the instant case the trial judge made specific inquiry of defendant at the outset of the guilty plea hearing as follows:

"The Court: Are you now in good health physically and mentally as far as you know?

The Defendant: Yes.

The Court: Are you suffering from any illness at the present time?

The Defendant: No.

The Court: Are you, now, under the influence of any drugs or medication?

The Defendant: No."

■■ Consistent with the legislative declaration of public policy concerning addiction to controlled substances and the use of cannabis, the Dangerous Drug Abuse Act allows to Illinois courts an alternative sentencing disposition to provide treatment to aid in solving the drug abuse problem. If the court has reason to believe an individual convicted is an addict, or if the individual states that he is an addict, he should then be considered for treatment provided for by the Act. The granting of treatment under the Dangerous Drug Abuse Act is a matter for the sound discretion of the trial court. A proper exercise of that discretion obligates the trial court to make an inquiry into the defendant's addictive state when the trial court has reason to believe the defendant is a narcotics addict. (*People v. Newlin*, 31 Ill. App. 3d 735, 334 N.E.2d 249 (1975).) Though no such inquiry was made by the trial judge in the instant case, from our view of the record we conclude that the trial court had no reason to believe Davis was *an addict* and consequently committed no error in not inquiring as to any possible drug *addiction* of defendant. *People v. Edwards*, 29 Ill. App. 3d 625, 331 N.E.2d 342 (1975); *People v. White*, 10 Ill. App. 3d 566, 294 N.E.2d 699 (1973).

Under all the circumstances presented in this case, we cannot disagree with the decision of the trial court. Accordingly we cannot accuse the trial court of erring or of an abuse of discretion by not specifically inquiring about any addiction in the defendant in the present case. The cases are in accord.

No reversible error occurred and the judgment of conviction is affirmed.

Judgment affirmed.

ALLOY, P. J., and STENGEL, J., concur.