THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES RENTAS, Defendant-Appellant.

First District (1st Division)   No. 79-1262

Opinion filed April 21, 1980.

James J. Doherty, Public Defender, of Chicago (Timothy P. O'Neill, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Joan S. Cherry, and Elizabeth Jacob Cohen, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

After a bench trial, defendant James Rentas, along with five others, was convicted for the burglary of a service station. He was sentenced to two years in the penitentiary. Defendant appeals.

On appeal, defendant contends that the State failed to prove beyond a reasonable doubt (1) that he entered the station without authority; (2) that entry was made with a felonious intent; (3) that defendant was accountable for the actions of his companions; and (4) he argues that the trial court erred in failing to consider the possibility of sentencing him under the provisions of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1977, ch. 91½, par. 120.10).

We affirm.

On Sunday, March 19, 1978 at approximately 5:30 a.m. defendant and five other men drove their auto through an all-night Shell Service Station in the vicinity of 1300 West Division Street, Chicago. Arthur Cole, an employee of that station testified that their brown Cadillac drove through the station "real slow, like they were looking the place over." He stated that they then drove across the street to a Standard Service Station which was closed. Three men got out of the car and entered the station; another began filling the gas tank from the pump. The remaining two men joined the other three in the station. Cole finally summoned the police when he observed the men loading cans of oil into the car.

Ray Krawczyk, a police officer who arrived at the scene minutes after Cole's phone call, testified that he observed six men running toward a parked Cadillac. A search of the car subsequent to the arrest of defendant and his companions produced 10 quarts of oil, a can of brake fluid, cooling system fluid, and a set of keys that opened the door to the service station.

The owner of the station, Kasmer Zaraza, testified that Daniel Cater, one of the men arrested with defendant had been a former employee. During his period of employment, Cater possessed a key to the station. When he terminated his employment there, he allegedly told Zaraza that he had lost the key.

Daniel Cater testified as a defense witness. He stated that on the night in question, he and defendant were riding in a car with four other men when some of them wanted to buy cigarettes and use a washroom. Cater

told them that he worked at a Standard station on Division and could let them in with a key. He and the driver of the car unlocked the station door and went inside with money for cigarettes. Cater testified that defendant never went into the station or used the gas pumps. He stated that at one point, however, defendant did step out of the car and ask the two men inside the station to hurry so that they could find a place to eat. Julio, the driver of the car and another occupant (Poppo), began taking cans of oil and brake fluid out to the car; defendant was sitting in the car. Just as Cater was locking the door to the station, the police arrived.

Defendant testified on his own behalf. He repeated Cater's testimony that the group stopped at the Standard station to buy cigarettes and use the washroom. He stated that he never entered the station and got out of the car only to urge those inside to hurry so they could find a place to eat. On cross-examination, he admitted however that Cater had told him that he no longer worked at the station and had "quit eight months before."

Subsequently, defendant was found guilty of burglary and a presentence investigation was ordered. The presentence investigation revealed that defendant was a former heroin user. Defense counsel informed the trial judge that defendant was currently enrolled in a methadone program and wanted "to continue in the program no matter what Your Honor sentences him to." Noting defendant's four prior sentences of probation, one of which defendant violated, the trial judge denied a request for probation and sentenced defendant to two years in the penitentiary. Defendant appeals.

On appeal, defendant first argues that the State failed to prove beyond a reasonable doubt: that entry was made without authorization; that entry was made with felonious intent; and that defendant was accountable for the actions of those entering the station.

We believe there was ample evidence presented to prove all of these points beyond a reasonable doubt. The evidence presented by the State indicated that at one point, five men were in the station while Julio, the driver of the auto, pumped gas into the tank. That places defendant in the station and contradicts his testimony that he remained in or near the car. Further, Officer Krawczyk and Arthur Cole testified to seeing all six men running from the station toward the waiting auto. Defendant admitted knowing that Cater's employment at the station had been terminated months earlier and therefore must have known that Cater was not authorized to enter the premises, even though he possessed a key. Lastly, the trial judge could have properly discounted Cater's and defendant's testimony that they entered the station only to buy cigarettes and use the washroom and therefore lacked a felonious intent. If their purpose was merely to buy cigarettes and use the washroom, they could have accomplished this at the open Shell station across the street. The stolen

merchandise found in the car also rebutted their alleged lack of felonious intent.

■■ In short, we note that the credibility of witnesses and the weighing of evidence rests with the trier of fact. (*People v. Trock* (1977), 45 Ill. App. 3d 294, 359 N.E.2d 836.) Cases involving burglary often require that guilt be proven circumstantially when there is insufficient direct evidence. (*People v. Espero* (1978), 65 Ill. App. 3d 133, 382 N.E.2d 542.) The same is true of questions involving intent. (*People v. Seats* (1979), 68 Ill. App. 3d 889, 386 N.E.2d 879.) In the present case we believe there was sufficient both direct and circumstantial evidence to prove defendant guilty beyond a reasonable doubt.

Defendant next argues that the trial court erred in failing to sentence him pursuant to section 10 of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1977, ch. 38, par. 120.10) in lieu of incarceration, since he was a former heroin user and was enrolled in a methadone program.

We disagree. The record discloses that the trial judge was not informed of defendant's drug problem until immediately prior to sentencing. At that point the trial judge learned that defendant was enrolled in a methadone program and no longer used "any kind of narcotics." The judge responded:

> "He has had four chances with probation. One he didn't make. He was discharged as unsatisfactory. He stays on probation and then as soon as he gets off probation then he goes out and does the same thing * * * I am sorry, but I am going to have to send him to the penitentiary * * * The application for probation will be denied."

■■ In declining to sentence defendant pursuant to the Dangerous Drug Abuse Act, we believe the trial judge acted properly. Sentencing pursuant to the Dangerous Drug Abuse Act is discretionary. (*People v. Warren* (1977), 69 Ill. 2d 620, 373 N.E.2d 10; *People v. Davis* (1976), 42 Ill. App. 3d 485, 355 N.E.2d 730.) Defendant's prior criminal record and his admitted cessation from narcotic use were sufficient reasons for him to be sentenced to the penitentiary instead of probation. *People v. Belleville* (1974), 20 Ill. App. 3d 1088, 314 N.E.2d 35.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and CAMPBELL, J., concur.